**Gmail**                    **Craig Goodmark <cgoodmark@gmail.com>**

# Ford v. FCSD
1 message

**Craig Goodmark <cgoodmark@gmail.com>**                    Fri, Jan 24, 2020 at 6:16 PM
To: Samantha Lewis <samantha.lewis@nelsonmullins.com>
Cc: Jon Zimring <zimring@zlawyers.com>

Samantha - As the parties have received the Order from Chief Judge Malahi, I am writing to open a conversation about how to proceed, as the Final Order shifts the placement, services, and stay-put and is seen generally as immediately subject to implementation.  I appreciate that the District had asked for our dates for an IEP, however, given the Order's direction to place Jamir in a co-taught classroom, we are looking for some information from the District and will need a short amount of time to get the pieces together for an effective meeting.  To start, my recollection at the hearing was that New Prospect did not have co-taught classrooms.  If that is correct, Jamir's mother will need to observe the other possibilities for school location, though as we have said in the past she has a preference to stay at New Prospect, and transition would be more available there.  If you can tell us the top three locations the District believes are appropriate and some background on these, Ms. Amour can set up times to go observe and be prepared to discuss those locations.

Also, given the Court's order regarding implementing the recommendations of Ms. Wing and Ms. Cohen, we believe the District should arrange to have them at the meeting and pay for their participation as part of their IEE services.  I am happy to get their available dates and estimates for costs of participation.  We also believe that given the Court's Order, Dr. Holly Ward should also participate at the IEP Meeting as well as developing a plan for Jamir's transition and continuing educational plan, and we ask the District consider this cost, as it would substantially help in the process.

I am interested in moving this process forward and appreciate your cooperation in getting all the proper people and information to the IEP table.  I am also happy to discuss ideas towards resolving all the terms of the Court's order and the other issues that remain outstanding including the award of compensatory education and the prevailing party status of Ms. Amour.

I am around Monday to discuss any or all of this.  Thanks.

--



CRAIG GOODMARK
1425 Dutch Valley Place
Atlanta, GA  30324
Phone: 404-719-4848

**Exhibit A**

 Gmail                                    **Craig Goodmark <cgoodmark@gmail.com>**

## RE: Ford v. FCSD
1 message

**Samantha Lewis** <samantha.lewis@nelsonmullins.com>          Mon, Jan 27, 2020 at 10:44 AM
To: Craig Goodmark <cgoodmark@gmail.com>
Cc: Jon Zimring <zimring@zlawyers.com>

Craig,


Ive requested some additional dates from the District for a meeting as I needed those dates for
other meetings.  I will touch base with them about your questions and get you some new dates to
select from and will get back with you shortly.


Samantha




SAMANTHA P. LEWIS  OF COUNSEL

samantha.lewis@nelsonmullins.com

ATLANTIC STATION | SUITE 1700

201 17TH STREET NW | ATLANTA, GA 30363

T 404.322.6166   F 404.322.6050

NELSONMULLINS.COM   VCARD  VIEW BIO


**From:** Craig Goodmark <cgoodmark@gmail.com>
**Sent:** Friday, January 24, 2020 6:16 PM
**To:** Samantha Lewis <samantha.lewis@nelsonmullins.com>
**Cc:** Jon Zimring <zimring@zlawyers.com>
**Subject:** Ford v. FCSD

**Exhibit B**

◀**External Email**▶ - From: cgoodmark@gmail.com

Samantha - As the parties have received the Order from Chief Judge Malahi, I am writing to open a conversation about how to proceed, as the Final Order shifts the placement, services, and stay-put and is seen generally as immediately subject to implementation.  I appreciate that the District had asked for our dates for an IEP, however, given the Order's direction to place Jamir in a co-taught classroom, we are looking for some information from the District and will need a short amount of time to get the pieces together for an effective meeting.  To start, my recollection at the hearing was that New Prospect did not have co-taught classrooms.  If that is correct, Jamir's mother will need to observe the other possibilities for school location, though as we have said in the past she has a preference to stay at New Prospect, and transition would be more available there.  If you can tell us the top three locations the District believes are appropriate and some background on these, Ms. Amour can set up times to go observe and be prepared to discuss those locations.

Also, given the Court's order regarding implementing the recommendations of Ms. Wing and Ms. Cohen, we believe the District should arrange to have them at the meeting and pay for their participation as part of their IEE services.  I am happy to get their available dates and estimates for costs of participation.  We also believe that given the Court's Order, Dr. Holly Ward should also participate at the IEP Meeting as well as developing a plan for Jamir's transition and continuing educational plan, and we ask the District consider this cost, as it would substantially help in the process.

I am interested in moving this process forward and appreciate your cooperation in getting all the proper people and information to the IEP table.  I am also happy to discuss ideas towards resolving all the terms of the Court's order and the other issues that remain outstanding including the award of compensatory education and the prevailing party status of Ms. Amour.

I am around Monday to discuss any or all of this.  Thanks.

--

CRAIG GOODMARK
1425 Dutch Valley Place
Atlanta, GA  30324
Phone: 404-719-4848

Confidentiality Notice

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

 Gmail

**Craig Goodmark <cgoodmark@gmail.com>**

---

# RE: Ford v. FCSD
1 message

---

**Samantha Lewis** <samantha.lewis@nelsonmullins.com>        Thu, Feb 6, 2020 at 9:39 AM
To: Craig Goodmark <cgoodmark@gmail.com>
Cc: Jon Zimring <zimring@zlawyers.com>

Craig,

Im still waiting for responses on a few items, but as far as IEP date, are you all available on March 12th?  (I don't have exact hours, but I am assuming this will take up most of the day).

## NELSON MULLINS

SAMANTHA P. LEWIS   OF COUNSEL

samantha.lewis@nelsonmullins.com

ATLANTIC STATION | SUITE 1700

201 17TH STREET NW | ATLANTA, GA 30363

T 404.322.6166   F 404.322.6050

NELSONMULLINS.COM   VCARD   VIEW BIO

---

**From:** Craig Goodmark <cgoodmark@gmail.com>
**Sent:** Wednesday, February 5, 2020 4:42 PM
**To:** Samantha Lewis <samantha.lewis@nelsonmullins.com>
**Cc:** Jon Zimring <zimring@zlawyers.com>
**Subject:** Re: Ford v. FCSD

Samantha - Any updates here on the IEP dates and how the District intends to implement the Court's order.  Thanks for getting back to me.

**Exhibit C**

Craig


On Mon, Jan 27, 2020 at 10:44 AM Samantha Lewis <samantha.lewis@nelsonmullins.com> wrote:

Craig,


Ive requested some additional dates from the District for a meeting as I needed those dates for other meetings.  I will touch base with them about your questions and get you some new dates to select from and will get back with you shortly.


Samantha




SAMANTHA P. LEWIS  OF COUNSEL

samantha.lewis@nelsonmullins.com

ATLANTIC STATION | SUITE 1700

201 17TH STREET NW | ATLANTA, GA 30363

T 404.322.6166  F 404.322.6050

NELSONMULLINS.COM    VCARD  VIEW BIO


**From:** Craig Goodmark <cgoodmark@gmail.com>
**Sent:** Friday, January 24, 2020 6:16 PM
**To:** Samantha Lewis <samantha.lewis@nelsonmullins.com>
**Cc:** Jon Zimring <zimring@zlawyers.com>
**Subject:** Ford v. FCSD


◀**External Email**▶ - From: cgoodmark@gmail.com

5/14/2020

Samantha - As the parties have received the Order from Chief Judge Malahi, I am writing to open a conversation about how to proceed, as the Final Order shifts the placement, services, and stay-put and is seen generally as immediately subject to implementation. I appreciate that the District had asked for our dates for an IEP, however, given the Order's direction to place Jamir in a co-taught classroom, we are looking for some information from the District and will need a short amount of time to get the pieces together for an effective meeting. To start, my recollection at the hearing was that New Prospect did not have co-taught classrooms. If that is correct, Jamir's mother will need to observe the other possibilities for school location, though as we have said in the past she has a preference to stay at New Prospect, and transition would be more available there. If you can tell us the top three locations the District believes are appropriate and some background on these, Ms. Amour can set up times to go observe and be prepared to discuss those locations.

Also, given the Court's order regarding implementing the recommendations of Ms. Wing and Ms. Cohen, we believe the District should arrange to have them at the meeting and pay for their participation as part of their IEE services. I am happy to get their available dates and estimates for costs of participation. We also believe that given the Court's Order, Dr. Holly Ward should also participate at the IEP Meeting as well as developing a plan for Jamir's transition and continuing educational plan, and we ask the District consider this cost, as it would substantially help in the process.

I am interested in moving this process forward and appreciate your cooperation in getting all the proper people and information to the IEP table. I am also happy to discuss ideas towards resolving all the terms of the Court's order and the other issues that remain outstanding including the award of compensatory education and the prevailing party status of Ms. Amour.

I am around Monday to discuss any or all of this. Thanks.

--

CRAIG GOODMARK
1425 Dutch Valley Place
Atlanta, GA  30324
Phone: 404-719-4848

Confidentiality Notice

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

--



CRAIG GOODMARK
1425 Dutch Valley Place
Atlanta, GA  30324
Phone: 404-719-4848

 Gmail

**Craig Goodmark <cgoodmark@gmail.com>**

# Ford - Follow Up
1 message

**Craig Goodmark** <cgoodmark@gmail.com>                     Mon, Feb 10, 2020 at 1:26 PM
To: Samantha Lewis <samantha.lewis@nelsonmullins.com>, Jon Zimring <zimring@zlawyers.com>

Samantha – We are concerned with the delay in waiting to hear back from your on implementation of the Court's Order. I appreciate you working on getting us information, but that does not alter the responsibilities to Jamir.  As of January 21, 2020, Jamir has the IDEA protected right to be out of GNETS.  Each school day that passes without his removal from GNETS is a violation of his IDEA and 504/ADA rights, creating additional exposure to liability for FCSD.  As well, the Court has ordered Jamir receive services and Jamir is not currently receiving those services and these can be implemented promptly, if your client collaborates with us.

We understand the complexities of getting a meeting to resolve the Court ordered changes, but your client has to understand that the placement and services have already changed as a matter of law, even if your client appeals Judge Malahi's order. We do not waive any rights to the services as of the Court's January 21 order and need to identify that we will pursue additional compensatory educational services for the additional lost time. We also see further delay as making a compensatory plan more and more difficult.

To recap, we sought proposed placements FCSD considers appropriate to implement Jamir's program. We are also seeking a proposed plan or adherence to our proposal for Jamir's removal from GNETS. We also need all behavioral data collected to date this school year.  This will be helpful as we contemplate Jamir's transition.  I had indicated, we are open to a discussion of a global resolution of not only the issues raised by the Court's order, but also other relief Jamir and the Family are entitled to including the damages claim that has now been administratively exhausted and ripe to be filed in federal court and the Families status as prevailing party and payment of attorneys' fees incurred during the litigation. If this is between counsel rather than waiting on the IEP meeting, we are willing to meet but this would be with authority from both sides.

We had hoped that Jamir would have been moved before the February 17 holiday giving him a long weekend to facilitate the transition out of GNETS.  We can work to make ourselves, the experts and the Family available before that date as waiting till March does  not seem viable and seems to us that your client is simply not giving this the attention and priority that this demands.

Thanks for letting me know where this stands with your client.

Craig & Jon

--

CRAIG GOODMARK
1425 Dutch Valley Place
Atlanta, GA  30324
Phone: 404-719-4848

**Exhibit D**

 Gmail

Craig Goodmark <cgoodmark@gmail.com>

## Jamir Ford Follow-Up
1 message

**Samantha Lewis** <samantha.lewis@nelsonmullins.com>          Wed, Feb 12, 2020 at 3:55 PM
To: "Craig Goodmark (cgoodmark@gmail.com)" <cgoodmark@gmail.com>, Jon Zimring
<zimring@zlawyers.com>

Craig/Jon,

Please allow this to serve as a comprehensive response to your prior email correspondences.

Regarding the issue of location of services, the District is prepare to provide Jamir services at his home school. The District is not considering any other location for services. We can make arrangements for Jamir and his family to tour Dolvin, met the new Administration and his new teaching staff and see his new classroom. Please let me know if the family would like to take advantage of that opportunity. Please also let me know if the family has moved and are now located in a different attendance zone.

You all are welcome to bring Mindy Cohen, Kimberlee Wing, Holly Ward, or any other providers of your choosing to the meeting. However, as you indicated at the hearing, the reports from these individuals were comprehensive and complete. As such, the District does not feel there is a need to pay for these individuals to be at the meeting.

I have requested that the District provide me an IEP meeting date in February. We are tentatively looking at February 25th. Please let me know if this date works for you and your client.

From your most recent correspondence I understand that you hoped to move Jamir to a co-taught setting by February 17th. Given the complexities of this case and Jamir's services and programming, the District would not recommend this plan and would strongly encourage that we have an IEP meeting to put a solid plan of services in place to support Jamir in the co-taught setting. However, while the District does not agree with Judge Malihi's Order, we certainly do not want to stand in the way of enforcement of that Order. As such, if Jamir's mother wants to remove him from his current setting and enroll him in Dolvin, arrangements can be made to be ready to receive him. Please let me know.

**Exhibit E**

Your recent correspondence alludes to a global resolution and suggests some sort of meeting. I am uncertain what you are referring to or requesting. Please be more specific and clear. Are you proposing a mediation?

I believe this covers all of your questions. If there is anything that I have forgotten, please let me know as that was not my intent.

Very truly yours,

Samantha Lewis



**SAMANTHA P. LEWIS**  OF COUNSEL

samantha.lewis@nelsonmullins.com

ATLANTIC STATION | SUITE 1700

**201 17TH STREET NW | ATLANTA, GA 30363**

T 404.322.6166   F 404.322.6050

NELSONMULLINS.COM   VCARD   VIEW BIO

Confidentiality Notice

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

February 14, 2020

**VIA EMAIL** (samantha.lewis@nelsonmullins.com)

Ms. Samantha Lewis
Nelson Mullins Riley & Scarborough LLP
201 17th Street NW
Suite 1700
Atlanta, GA 30363

RE:   **Ford. v. FCSD –  ATTACHED** *GEBSER* **NOTICE, IEE REIMBURSEMENT, AND FINAL DECISION**

Samantha:

We are following up on several issues. We are very concerned with the continuing posture of the District, its failure to take action, the suggestion that this is "business as usual" having discriminated and segregated illegally for 18 months in a program that was not his "home school," and the continuing denials of IDEA, ADA, 504 and constitutional rights. We had hoped the hearing would resolve these issues and provide a foundation to collaboratively move forward. Nothing in any of your responses allows that to occur. Nothing in these signals a change in the District's push down on the parents' position or requests, or changes its unfortunate approach.

First, we have enclosed our Second *Gebser* Notice to the District and Board, including the Superintendent and Board Chair. Please deliver it to them, or identify for us that you are not doing so and we are free to independently and directly send them this notice. If we do not hear from you, we will rely on your transmittal of that letter to them and to the full Board. We want to ensure that the leaders of the District and Board, with authority to take action, are put on full notice, again.

Addressing the IEE issues, we write again to supplement our requests last year and then notice of October 21, 2019 and the invoices sent. IEEs were sought for Jamir on **February 20, 2019**, and were "approved" as to SLP and OT without limitation on or about March 20, 2019 with an accompanying document styled "Parental Guidelines" but this did not have cost limitations in this response, nor assert that the evaluators would not attend IEP meetings to present their

Exhibit F

evaluations. We sent invoices for the evaluations only, on 10-21-2019, but this was apparently ignored and has not been paid. We have been provided cost limitations coupled with a refusal to have the evaluators at meetings at District expense. Neither of these are timely and create continued violations of law, perhaps retaliatory to Jamir's pursuit of statutory and constitutional rights. On this issue, the District needs to comply with attendance and the needed costs. We are fully prepared to litigate these issues.

Even independent of the hearing and the placement/services issues, the IEE is a meaningful right, Phillip C. ex rel. A.C. v. Jefferson Cnty. Bd. of Educ., 701 F.3d 691, 698 (11th Cir. 2012), and these led to changes from inappropriate services. Even where the services are not adopted and ordered by the Court, "[i]f the parent obtains an independent educational evaluation at public expense or shares with the public agency an evaluation obtained at private expense, the results of the evaluation must be considered by the public agency, if it meets agency criteria, in any decision made with respect to the provision of FAPE to the child." 34 C.F.R. 300.502(c)(1). The United States Department of Education has made clear that if an agency sets a maximum cap for an IEE and a parent selects an evaluator who exceeds the cap, the agency must request a hearing and prove the fees sought are unreasonably excessive. Letter to Anonymous, 22 IDELR 637 (1994); Letter to Thorne, 16 IDELR 606 (OSEP 1990); Letter to Petska, 35 IDELR 191 (OSERS 2001); Letter to Parker, 41 IDELR 155 (OSERS 2004). Otherwise, the district has to pay the fees of the independent evaluator. Id. See also Jefferson Cnty. Bd. of Educ. v. Lolita S., 977 F.Supp.2d 1091, 1127 (N.D. Ala. 2013), aff'd 581 F. App'x 760 (11th Cir. Sept. 11, 2014)(when a school district does not file a hearing request to prove the independent evaluator does not meet agency criteria, the district must reimburse parents for the independent evaluation).

"The United States Office of Special Education Programs (OSEP) has issued a policy letter, Letter to Parker, that clarifies that the choice of evaluator rests with parents." Student v. Danbury Bd. of Educ., Final Decision and Order 05-293, p. 22 (2007). "Once a school district has agreed to an IEE, if it disagrees with the parent's choice of evaluator the board must take the issue to due process." Id. Otherwise, it has "acquiesced to the Parent's choice of evaluator." Id.

Additionally, as Fulton County has its evaluators at IEP meetings at public expense, this is a duty and a right of access at public expense that extends to the IEE evaluators. See Section 300.502(e). The case law on this point is clear, see M.M. v. Lafaette Sch. Dist,. 58 IDELR 132 *10 (N.D. Calif. 2012) and Meridian Joint Sch. Dist., No. 2 v. D.A. and J.A., 62 IDELR 144 (D. Idaho 2013). Thus, the attempt at this point to set cost limitations for the IEE, and to oppose the attendance of evaluators at meetings to revise the IEP, has been waived by delay, whether one counts from

March 2019, or October 2019, or looks at the holding in the Final Order as to adopting the recommendations into the IEP. Please confirm that your client is going to promptly meet these costs. Please identify any actions taken by your client since the Court's Final Order to provide this IEP meeting with the evaluators present, and in the absence of such information, we will assume the likely truth, that nothing has been done.[1]

The next issue addresses the rather strange response as to whether we are asking to mediate in seeking the Fulton County School District implement its duties under the maintenance of placement provision. Section 300.518(d). We find your email providing the only option as removing Jamir back only to Dolvin abusive and outrageous in light of the situation and circumstances, not meant in good faith to achieve what is required. Your client has previously taken the position that only class by class changes with transition services including training and observations was appropriate, and the distinction we sought was what the Court found and ordered - full removal <u>but with transition</u>. The suggestion made that this should be ignored as we are now almost a month removed from the Order, is a serious problem and rejected. We do not want to play word games over this so you can now blame our client for delay. The duty was a new placement <u>with</u> transition and supports.

Independently, suggesting that Jamir go back to Dolvin is almost as outrageous. It seems that as Fulton felt comfortable removing him from his "home school" and transporting him to another, and as it suggested its proposal was that he remain at New Prospect during a period by period transition, one can only wonder at the current abusive suggestion driven by both a suggestion of location and home school. We expect Fulton to make a wider range of school placements available, to observe and plan around, to provide transportation as it has for the past 19 months, and to support Jamir in an effort to avoid further harm. Changing

---

[1] To avoid delay please find enclosed please find another set of copies of invoices for the agreed upon independent educational evaluations in Speech/Language (Mindy Cohen), Occupational Therapy (Kimberly Wing), and Psychological (Dr. Tyler Whitney). These invoices have been paid in full by Goodmark Law Firm on behalf of the Family and the District should reimburse the Firm directly as previously agreed upon. These payments need to be immediately confirmed, i.e., by February 18, 2020, and made by March 1, 2020. Additionally, we need a commitment that the District will pay for Ms. Wing and Ms. Cohen, at their customary community hourly rate to attend or participate in an IEP meeting. If this is not done, we have no choice but to assume that this is a refusal to act.

the staff at Dolvin was needed, and perhaps a step forward, but what else is going to be done to erase the memories and lack of information, support and change what was done there is unclear. After 13 months of litigation, and counting, it seems the suggestion that Dolvin is the only option is seeking continued and additional litigation. Perhaps your client has not reviewed what the staff said during the hearing, as just changing the administration does not give Jamir and the Family a clean slate at Dolvin. We expect alternatives and Fulton's plan for transition also by the 18th, and in its absence, we will assume to refusal to act.[2] A month to address this, or even to start to address this, is enough.

We have also attached a copy, another copy, of the transition plan we had developed. If there are concerns or objections to this, it would be prudent to have these raised and identified by you immediately and directly. If this is done, please have the reasons, or data provided for the objections, as we will also rely on Mr. Abernathy's position – it is all driven by data  - and look to what supports those contentions.

We  have sought the current instructional and behavioral data. This has not been provided. It would seem that this is also readily available and again we seek it by the 18th. Again, let's all recall Mr. Abernathy's "it is driven by data," as driving this request.

---

[2] We noticed you used the phrase location as perhaps a term of art, but the IEP must include "the anticipated frequency, *location* and duration of those services and modifications. 20 U.S.C. § 1414(d)(1)(A)(i)(VII)(emphasis supplied); 34 C.F.R. § 300.320(a)(7) (same). So this is an IEP team issue and we are making clear that there is a "potential for harm", see 300.116(d), if FCSD uses Dolvin. Further, location changes into a placement issue when there is a concern "whether the decision is likely to affect in some significant way the child's learning experience."  P.V. v. School Dist. of Philadelphia, CIV. ACTION NO. 2:11-cv-04027, at 11, 60 IDELR 185 (E.D. Pa. Feb. 19, 2013) (citing DeLeon v. Susquehanna Cmty, School Dist., 747 F.2d 149, 153 (3d. Cir. 1984))(change in physical location may affect a student's learning experience and learning rate).  See also e.g. George A. Wallinton Swarthmore Sch. Dist., 655 F. Supp. 2d 546, 550 (E.D. Pa. 2009).  "The meaning of 'educational placement' falls somewhere between the physical school attended by a child and the abstract goals of a child's IEP." R.B. v. Mastery Charter School, 762 F. Supp. 745, 763 (E.D. Pa. 2010; V.S. v. NYCDE, 63 IDELR 162 *4 (E.D.N.Y. June 9, 2014) ("[D]epending on the needs of the student, the characteristics of the specific school site can be an important factor in assessing the adequacy of the IEP and its implementation."); T.L. v. NYCDE, 938 F.Supp. 2d 417, 436-7  (S.D. N.Y. 2013) (remanding for consideration of "the effect of the school's facilities and environment" on the child because "evaluating only the educational methods within a given school environment without considering physical features is not sufficient to determine an appropriate placement.")

Turning to the suggestion we made as to a global resolution, we were not seeking a mediation that would be again meaningless or a reason for delayed – similar to the past mediation in this case where FCSD changed its positions as time went on and then failed to negotiate in any meaningful way. We identified a potential resolution as there are a number of issues, including: the nature and cost of compensatory education, ADA/504 damages for its intentional exclusion and segregation, attorney fees and costs of litigation, and on-going services, that could be resolved in a meaningful exchange. We have no evidence from you or your client that this was going to be its new approach, but we nevertheless made this overture. If Fulton and its leadership wants to address these issues so that a resolution is reached or an impasse is identified within the next 30 days, we are available to do so and would cooperate in a mutual process. We look to see some willingness to cure the harm it has caused and pay the amounts needed to meet the claims. If this is your client's position and you have someone with authority available, we are willing to exchange demands and to meet on an established timeframe. In the absence of confirming this is Fulton's new approach, we will move forward understanding nothing has changed.

We had hoped this would be a wake-up call for the District, but there is nothing that supports such has occurred. Please push your client towards a more meaningful approach.

Sincerely,

*/s/ Craig Goodmark*

*/s/ Jonathan Zimring*
Craig Goodmark
Jonathan Zimring

C: JA
Enclosures: as stated

**Pediatric Development Center of Atlanta, LLC**
3200 Highlands Pkwy SE Ste 150
Smyrna, GA 30082
(770)433-2300

| Invoice Date | Invoice # |
|---|---|
| 6/15/2019 | PS-59495 |

| Make Checks Payable To: |
|---|

Fulton County Schools
Blake McGaha, Exec. Dir. For Exceptional Children
6201 Powers Ferry Rd NW
Atlanta, GA 30339

| Pediatric Development Center of Atlanta, LLC |
|---|
| 3200 Highlands Pkwy SE Ste 150 |
| Smyrna, GA 30082 |
| (770)433-2300 |

| Client: Ford, Jamir | | MR #: 6717 | | | Case: IEE OT EVAL 2019 | |
|---|---|---|---|---|---|---|
| **Date** | **Service Rendered** | **Charge** | **Hours** | **Total** | **Balance** | |
| 4/16/2019 | IEE OT Evaluation | 200.00 | 10.00 | 2,000.00 | 2,000.00 | |

**IEE OT Evaluation**     **Jamir Ford**

Therapist     Kimberlee Wing, OTR/L

| **Total Due** |
|---|
| $2,000.00 |

**Tyler T. Whitney, Psy.D.**
314 Maxwell Road, Suite 400
Alpharetta, GA  30009
tyler@drwhitney.org

# Invoice

| BILL TO |
|---|
| Craig Goodmark, Esq. |
| Goodmark Law Firm |
| One West Court Square |
| Suite 410 |
| Decatur, GA  30030 |

| INVOICE # | DATE | TOTAL DUE | DUE DATE | TERMS | ENCLOSED |
|---|---|---|---|---|---|
| 1287 | 04/16/2019 | $3,105.00 | 04/16/2019 | Due on receipt | |

| DATE | ACTIVITY | QTY | RATE | AMOUNT |
|---|---|---|---|---|
| 04/01/2019 | Intake Interview | 1 | 345.00 | 345.00 |
| 04/02/2019 | Assessment / Scoring | 2.25 | 240.00 | 540.00 |
| 04/03/2019 | Assessment / Scoring | 2.25 | 240.00 | 540.00 |
| 04/05/2019 | Report Writing | 4 | 240.00 | 960.00 |
| 04/25/2019 | Report Preparation | 2 | 240.00 | 480.00 |
| 04/30/2019 | Report Writing | 1 | 240.00 | 240.00 |

Jamir Ford
DOB:  06-09-2012

BALANCE DUE        **$3,105.00**

From:    Neurotech Solutions

         2472 Jett Ferry Road, #400-136
         Atlanta, GA 30338

# Invoice 2835

To: Fulton County Schools
    6201 Powers Ferry Road
    Atlanta, GA 30339

| | |
|---|---|
| Issue Date | 08/08/2019 |
| Period Start | 06/07/2019 |
| Period End | 06/15/2019 |

Student: Jamir Yestin Ford

| | |
|---|---|
| Provider | Mindy Cohen, M.Ed, CCC-SLP |
| | License #: 000637 |
| | NPI #:   1225278195 |
| | Phone: 770-595-3020 |
| | Fax:     678-222-3401 |

## SPEECH-LANGUAGE IEE

| | | |
|---|---|---|
| 06/07/2019 | Speech-Language IEE Part 1: | 2 hours |
| 06/13/2019 | Speech-Language IEE Part 2: | 2 hours |
| 06/15/2019 | Speech-Language IEE Part 3: | 3.5 hours |
| 08/07/2019 | Balance Due | **$3,000** |

Payment Due Upon Receipt.

Please Make Payable to:   Neurotech Solutions

*Thank you for the opportunity to work with this Fulton County Schools student!*

# GOODMARK LAW FIRM, LLC

1425A DUTCH VALLEY PLACE
ATLANTA, GEORGIA 30324

OFFICE 404.719.4848
EMAIL CGOODMARK@GMAIL.COM

FEBRUARY 14, 2020

## VIA ATTORNEY OF RECORD VIA EMAIL

**TO:** Samantha Lewis, Attorney of Record for the Fulton County School District
Please provide to:

Superintendent Dr. Mike Looney
6201 Powers Ferry Road NW
Atlanta, GA 30339

Board President Linda Bryant
6201 Powers Ferry Road NW
Atlanta, GA 30339

### RE: *Second Gebser* Notice – Jamir Ford and Family

Dear Superintendent Looney and Board Chair Bryant, through Ms. Lewis:

I write on behalf of our client Jamir Ford and his mother Jatoyia Armour. As you may know a due process hearing request was filed more than a year ago and litigation has continued since that time. All attempts we have made to obtain changes or relief or resolve the case have been rejected or avoided by you. On January 21, 2020 the Court entered a "**FINAL DECISION,**" finding for Jamir and Ms. J.A., on the lack of FAPE, missing services in many areas, lack of OT, lack of SLP, and the segregation/LRE claim. Jamir is to have his placement changed to an appropriate placement in the least restrictive educational environment with access to the general curriculum, a transition plan, additional OT, additional SLP, 18 months of compensatory services and an appropriate transition. Final Order at 22-23.

This decision is subject to *immediate* implementation. See 34 C.F.R. § 300.518(d). It is now 25 days, and counting, without moving to implement appropriate and required services, and initial responses to our requests have been inadequate. In addition, on-going violations of the right to Independent

Evaluations continue, as do our claims under the ADA/504 which raise additional compensation and damages than afforded in the IDEA case.

This letter is copied to your attorneys but appears to us to be a necessary notice under *Gebster v. Lago Vista Ind. Sch. Dist.*, 524 U.S. 274, 118 S. Ct. 1989 (1988) and its progeny. This requires that such notices go to persons with authority to take action and resolve the matter. As such, please accept this letter as that official notice of the ongoing intentional and illegal violation of Jamir's educational civil rights by the Fulton County School District (FCSD). We believe we have properly raised these issues for over an entire year, and our concerns have been received and understood by those with decision making authority at the FCSD. We write today to ensure that the past and ongoing notice has been memorialized and that FCSD may not claim now they had no such notice from the Family. We also wrote a Notice on August 12, 2019 and this is supplemental to that notice and the information found there is incorporated herein by direct reference as if fully set out, and made current as the harm has just increased since then.

We have already raised these claims and continue to demand that services, therapy and instruction be provided in the traditional educational setting and that immediate and appropriate removal from GNETS occur. To date, the GNETS and the District have refused to allow Jamir to leave. Before the Court's January 21 Order, all explanations for Jamir's placement were couched in terms of GNETS standard operating procedures that deviate from IDEA standards and fail to take into consideration the individualized circumstances of the student. Now, the District seems content to let weeks and months pass without honoring Jamir's federal educational civil rights that have now been more specifically defined by the Court's remedy as referenced above.

The Parents follow up their claims in the due process request and make yet another attempt under *Gebser* to generate prompt and immediate remedial action. They expect the School District to inform the administration and staff to immediately to convene an IEP meeting for Jamir, consider his educational performance over the past school year, review the independent educational evaluations reports, invite the IEE's to the IEP meeting and then meaningfully consider the recommendations of those experts at the IEP meeting, and then recommend to remove Jamir from the GNETS program in a safe, thoughtful and effective manner.

Jamir is seeking placement into a FCSD school based on a collaborative discussion that is appropriate to his situation and needs[1], with the appropriate special education supports and services as outlined in the independent educational evaluations agreed upon by FCSD and provided to FCSD administration over the past several months, and with immediate implementation of the IDEA Final Decision, at an appropriate IEP meeting. We are not moved by claims now almost a month since the decision and over a year since our first attempts, that you cannot convene a meeting in a prompt and timely basis, nor that you will not provide for the IEE experts to attend the meeting. To date, the school has made no attempts to contact the IEE's, has not issued any invitations to an IEP meeting or offered any information to the Family about how the Court's Order will be implemented.

The schools most recent suggestion through Counsel that Jamir must return to Dolvin Elementary School immediately and without any transition support is outrageous. The illegal and intentional treatment Jamir suffered at Dolvin remains the subject of potential litigation. Also, educational communities require collaboration based upon mutual trust and respect. Unfortunately, in this situation the Family has neither for the educators at Dolvin. Last, even if the Family agreed to allow Jamir to return to Dolvin, the suggestion that he would do so without following the expert guidance of Holly Ward, who at trial testified to the specific process by which the student should be reintegrated to ensure success. The proposal to dump Jamir back into Dolvin run contrary to the order of the Court that required appropriate supports for Jamir. We find every aspect of this proposal grossly malicious, intentionally vindictive and completely inappropriate.

Jamir's educational civil rights include equal access to educational opportunities as other students, including the right to attend school in the least restrictive environment. This letter serves as notice that such rights are being violated by FCSD and the Parents seeks immediate and effective action. As stated, this notice is intentionally sent to meet any requirements we have under *Gebser* and its progeny, and ensure that there is no claim that there was a lack of notice or the absence of an opportunity to cure the issues. We believe our prior communications to your attorneys and in litigation are sufficient.

---

[1] This includes that your illegal and inappropriate actions removed him to a different school, over his objections and enforced such a placement for almost two (2) years. This directly impacts the current assignment and the duty of FCSD to lessen the harm and aid the informed and trained transition.

Each day that Jamir's placement does not change, and each day that this situation exists, is another independent claim against the District. Unless we hear from you through your attorney to the contrary, we will rely on the fact that full and adequate receipt of this notice has occurred.

If you wish to discuss this letter, please do not hesitate to contact me or Mr. Zimring, or have your attorney(s) do so promptly. In the event you contend this needs to be sent to the attention of anyone else with the District and/or Board, please identify that so we may promptly address that claim. Your assistance and cooperation are appreciated, but this means understanding that this is a priority and taking actions that reflect that you have violated federal law, and your failures to act are not consensual and raise additional claims for additional relief.

Sincerely,

*s/Craig Goodmark*
Craig Goodmark

C: Ms. J.A.
C: Jonathan Zimring, Esq.


**Craig Goodmark <cgoodmark@gmail.com>**

---

## RE: Ford, J. - Post Order Issues
1 message

---

**Samantha Lewis** <samantha.lewis@nelsonmullins.com>                    Tue, Feb 18, 2020 at 11:50 AM
To: Craig Goodmark <cgoodmark@gmail.com>
Cc: Jon Zimring <zimring@zlawyers.com>

Craig/Jon:

You reference an attached transition plan in your letter, but you failed to attach anything.  I cannot meet your deadline for a response if you do not send me all documents you want me to review.

Also, I was unaware, but my clients were closed yesterday.  You sent me correspondence at the end of the day Friday and are demanding a response today.  I will get you information I can, but I do not know that I can provide you responses to all issues raised by end of day today.

You also have not confirmed availability for an IEP meeting on February 25th.  Please do so.

Very truly yours,

Samantha Lewis



SAMANTHA P. LEWIS  OF COUNSEL

samantha.lewis@nelsonmullins.com

ATLANTIC STATION | SUITE 1700

201 17TH STREET NW | ATLANTA, GA 30363

T 404.322.6166  F 404.322.6050

NELSONMULLINS.COM  VCARD  VIEW BIO

---

**From:** Craig Goodmark <cgoodmark@gmail.com>
**Sent:** Friday, February 14, 2020 3:23 PM
**To:** Samantha Lewis <samantha.lewis@nelsonmullins.com>

**Exhibit G**

**Cc:** Jon Zimring <zimring@zlawyers.com>
**Subject:** Ford, J. - Post Order Issues

◄**External Email**► - From: cgoodmark@gmail.com

Samantha - Please see attached.  We understand Monday is a holiday but given the timing of things since the Court's Order, we are seeking an immediate response to the requests in our letter.  Thank you.

CRAIG GOODMARK
1425 Dutch Valley Place
Atlanta, GA  30324
Phone: 404-719-4848

Confidentiality Notice

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

 

**Craig Goodmark <cgoodmark@gmail.com>**

# RE: Ford, J. - Post Order Issues
1 message

**Jon Zimring** <zimring@zlawyers.com>      Tue, Feb 18, 2020 at 12:39 PM
To: Samantha Lewis <samantha.lewis@nelsonmullins.com>, Craig Goodmark
<cgoodmark@gmail.com>

Samantha, I am responding as Craig is tied up at the moment. We have attached the "plan" but are sending this information <u>again</u> and see it as no surprise as you have this from the initial trial prep when we were in court, then mediation, then testimony at trial. We simply cannot accept the inference you create that this issue arose on Friday, as Friday's email and notice was to ensure that Fulton County was aware of the problems with it ignoring its duties to implement the Court's Order. As to your being unaware that Monday was a holiday for your client, we identified that in last week's email.

We have asked several times for the data and progress reporting, but still do not have it and must insist on this today. Additionally, there must be some plan and people or something to be put in place for SLP and OT and you can identify this and tell us what has been done, today. By example, while you hold Jamir at the GNETS has anyone come by to start these services? Or to review the evaluations?

Concerning placement, as Fulton contended throughout that it would have the teacher observe and then train the new teacher, who would also observe, all on the rejected 1 period at a time transition out of GNETS, there must be some plan to implement this for the full day and in all environments and classes and other tasks associated with the school it has recommended, and with other schools. If not, we will be pushed to concluding that the offer was to dump Jamir back in Dolvin, and we are not wanting that to be your client's proposal to Ms. J.A. We have sought this proposal and of course expected to work on this collaboratively, though we see nothing from your client.

We have not had responses for the 25th as to all experts but we are holding this date. The ranges for hourly rates is in the testimony but ranges around $150.00 - $175.00 an hr. JAZ

Thank you. Jonathan A. Zimring, Zimring Law Firm, 1425A Dutch Valley Place, Atlanta, GA 30324. 404.607.1600; fax 404.607.1355; d-404.692.5665.

THIS EMAIL AND ATTACHMENTS CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION PROTECTED BY LAW. ANY UNAUTHORIZED DISCLOSURE OR COPYING IS PROHIBIT. IF YOU RECEIVE THIS MESSAGE IN APPARENT ERROR, PLEASE DELETE IT AND ITS ATTACHMENTS AND PLEASE NOTIFY THE SENDER.

**Exhibit H**

**From:** Samantha Lewis <samantha.lewis@nelsonmullins.com>
**Sent:** Tuesday, February 18, 2020 11:50 AM
**To:** Craig Goodmark <cgoodmark@gmail.com>
**Cc:** Jon Zimring <zimring@zlawyers.com>
**Subject:** RE: Ford, J. - Post Order Issues


Craig/Jon:


You reference an attached transition plan in your letter, but you failed to attach anything. I cannot meet your deadline for a response if you do not send me all documents you want me to review.


Also, I was unaware, but my clients were closed yesterday. You sent me correspondence at the end of the day Friday and are demanding a response today. I will get you information I can, but I do not know that I can provide you responses to all issues raised by end of day today.


You also have not confirmed availability for an IEP meeting on February 25th. Please do so.


Very truly yours,

Samantha Lewis




NELSON MULLINS


SAMANTHA P. LEWIS  OF COUNSEL

samantha.lewis@nelsonmullins.com

ATLANTIC STATION | SUITE 1700

201 17TH STREET NW | ATLANTA, GA 30363

T 404.322.6166  F 404.322.6050

NELSONMULLINS.COM  VCARD  VIEW BIO

**From:** Craig Goodmark <cgoodmark@gmail.com>
**Sent:** Friday, February 14, 2020 3:23 PM
**To:** Samantha Lewis <samantha.lewis@nelsonmullins.com>
**Cc:** Jon Zimring <zimring@zlawyers.com>
**Subject:** Ford, J. - Post Order Issues

◄**External Email**► - From: cgoodmark@gmail.com

Samantha - Please see attached.  We understand Monday is a holiday but given the timing of things since the Court's Order, we are seeking an immediate response to the requests in our letter.  Thank you.



CRAIG GOODMARK
1425 Dutch Valley Place
Atlanta, GA  30324
Phone: 404-719-4848

Confidentiality Notice

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

📄 **Reintegration Plan JF Draft.pdf**
59K