IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FULTON COUNTY SCHOOL DISTRICT,<br><br>*Plaintiff*,<br><br>v.<br><br>J.F., by and through J.A., and J.A.,<br><br>*Defendants*. | CIVIL ACTION<br>FILE NO. 1:20-cv-1675-ELR |

**DEFENDANTS' MOTION FOR ENFORCEMENT OF IDEA
"MAINTENANCE OF PLACEMENT"[1]**

COMES NOW Defendants J.F., by and through J.A., and J.A. and moves this Court for 1) a declaration that Plaintiffs have violated the IDEA's "maintenance of placement" provision triggered by the January 21, 2020 ruling of an administrative law judge (ALJ) in favor of the Family of a student with a

---

[1] Defendants recognize they are seeking relief typically sought with a motion for preliminary injunction pursuant to Fed. R. Civ. P. 65, however, the operation of 34 C.F.R. § 300.518(d)(2006) obviates the need for the usual Rule 65 analysis. Enforcement of this right is typically through this motion in the federal courts. As identified in the accompanying brief, this is without further exhaustion of administrative remedies and arises within the Court's equitable powers under the statutory mandate to implement the decision of the administrative court if favorable to the parent and child. This standard for this motion is governed by I.D.E.A.'s regulatory scheme and the supporting IDEA case law and seen as a "mandatory preliminary injunction. C.P. v. Leon County Sch. Bd., FL., 483 F.3d 1151, 1156 (citing Honig v. Doe, 484 U.S. 305, 323 (1988) and Tenn. Dep't of Mental Health and Mental Retardation v. Paul B., 88 F.3d 1466, 1472 (6th Cir.1996).

disability following an administrative due process hearing and 2) an injunction enjoining Plaintiffs from deviating from the ALJ's Order and failing to provide J.F. the educational services he is entitled to by law.

The IDEA maintenance of placement regulation, 34 C.F.R. §300.518 states

> **Child's status during proceedings.**
>
> **(a)** Except as provided in § 300.533, during the pendency of any administrative or judicial proceeding regarding a due process complaint notice requesting a due process hearing under § 300.507, unless the State or local agency and the parents of the child agree otherwise, the child involved in the complaint must remain in his or her current educational placement.
>
> …
>
> **(d)** If the hearing officer in a due process hearing conducted by the SEA or a State review official in an administrative appeal agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State and the parents for purposes of paragraph (a) of this section. (Authority: 20 U.S.C. 1415(j))

34 C.F.R. § 300.518.

By operation of law, the ALJ's decision in favor of Families seeking change in placement is "treated as an agreement between the State and the parents," thereby altering the student's placement to the placement proposed by the Family and agreed upon by the ALJ. Id, see also, Ga. Admin. R. & Reg. § 160-4-7-.12(3) (hh), (kk). This "stay-put" placement is mandatory and non-waivable. As explained by the U.S. Supreme Court in 1988 in Honig v. Doe, 484 U.S. 305 (1988). It is mandatory as a statutory injunction lying outside the ordinary burdens of the preliminary injunction. E.g., C.P. v. Leon County Sch. Bd., FL., 483 F.3d 1151, 1156 (11th Cir. 2007). Thus:

> Among these safeguards is the so-called 'stay-put' provision, which directs that a disabled child "shall remain in [his or her] then current educational placement" pending completion of any review proceedings, unless the parents and state or local educational agencies otherwise agree.

Honig v. Doe, 484 U.S. 305, 308 (1988). Educational placements contemplated by the regulation include all instruction, services, and programs included in the student's educational plan. *Breen v. Jefferson Cty. Bd. of Ed.*, 853 F.2d 853, 857-8 (11th Cir. 1988).

Defendants submit in support of this motion, the administrative record from the proceeding below, affidavits from Defendants and defense counsel, and a brief establishing Defendants right to "maintenance of placement," the parameters of the IDEA's automatic enforcement provisions, and the Plaintiff's willful disregard of their IDEA obligations.

Respectfully submitted this 23rd day of September, 2020.

*/s/ Jonathan A. Zimring*  
Jonathan A. Zimring  
Georgia Bar No. 785250  

ZIMRING LAW FIRM  
1425 Dutch Valley Place Suite A  
Atlanta, GA 30324  
*zimring@zlawyers.com*  
*404-607-1600*

*/s/ Craig Goodmark*  
Craig Goodmark  
GA Bar No. 301428  

GOODMARK LAW FIRM  
1425 Dutch Valley Place Suite A  
Atlanta, GA 30324  
404-719-4848  
cgoodmark@gmail.com

**CERTIFICATE OF COMPLIANCE**

      The undersigned certifies this motion and the supporting brief comply with the Local Rules and this Court's requirements.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FULTON COUNTY SCHOOL DISTRICT,<br><br>*Plaintiff*,<br><br>v.<br><br>J.F., by and through J.A., and J.A.,<br><br>*Defendants*. | CIVIL ACTION<br>FILE NO. 1:20-cv-1675-ELR |

**CERTIFICATE OF SERVICE**

The undersigned herein certifies that the foregoing was filed and therefore served electronically to the identified opposing counsel for the Plaintiff using the Court's electronic filing and service system.

This 23rd day of September, 2020.

| | |
|---|---|
| */s/ Jonathan A. Zimring*<br>Jonathan A. Zimring<br>Georgia Bar No. 785250<br><br>ZIMRING LAW FIRM<br>1425-A DUTCH VALLEY PLACE<br>ATLANTA, GA 30324<br>*zimring@zlawyers.com*<br>*404-607-1600* | */s/ Craig Goodmark*<br>Craig Goodmark<br>GA Bar No. 301428<br><br>GOODMARK LAW FIRM<br>1425 Dutch Valley Place Suite A<br>Atlanta, GA 30324<br>cgoodmark@gmail.com<br>404-719-4848 |