
## Ford v. FCSD
1 message

**Craig Goodmark** <cgoodmark@gmail.com>                    Fri, Jan 24, 2020 at 6:16 PM
To: Samantha Lewis <samantha.lewis@nelsonmullins.com>
Cc: Jon Zimring <zimring@zlawyers.com>

Samantha - As the parties have received the Order from Chief Judge Malahi, I am writing to open a conversation about how to proceed, as the Final Order shifts the placement, services, and stay-put and is seen generally as immediately subject to implementation.  I appreciate that the District had asked for our dates for an IEP, however, given the Order's direction to place Jamir in a co-taught classroom, we are looking for some information from the District and will need a short amount of time to get the pieces together for an effective meeting.  To start, my recollection at the hearing was that New Prospect did not have co-taught classrooms.  If that is correct, Jamir's mother will need to observe the other possibilities for school location, though as we have said in the past she has a preference to stay at New Prospect, and transition would be more available there.  If you can tell us the top three locations the District believes are appropriate and some background on these, Ms. Amour can set up times to go observe and be prepared to discuss those locations.

Also, given the Court's order regarding implementing the recommendations of Ms. Wing and Ms. Cohen, we believe the District should arrange to have them at the meeting and pay for their participation as part of their IEE services.  I am happy to get their available dates and estimates for costs of participation.  We also believe that given the Court's Order, Dr. Holly Ward should also participate at the IEP Meeting as well as developing a plan for Jamir's transition and continuing educational plan, and we ask the District consider this cost, as it would substantially help in the process.

I am interested in moving this process forward and appreciate your cooperation in getting all the proper people and information to the IEP table.  I am also happy to discuss ideas towards resolving all the terms of the Court's order and the other issues that remain outstanding including the award of compensatory education and the prevailing party status of Ms. Amour.

I am around Monday to discuss any or all of this.  Thanks.

--



CRAIG GOODMARK
1425 Dutch Valley Place
Atlanta, GA  30324
Phone: 404-719-4848

**EXHIBIT 2**



# RE: Ford v. FCSD
1 message

**Samantha Lewis** <samantha.lewis@nelsonmullins.com>                          Mon, Jan 27, 2020 at 10:44 AM
To: Craig Goodmark <cgoodmark@gmail.com>
Cc: Jon Zimring <zimring@zlawers.com>

Craig,

Ive requested some additional dates from the District for a meeting as I needed those dates for other meetings.  I will touch base with them about your questions and get you some new dates to select from and will get back with you shortly.

Samantha



SAMANTHA P. LEWIS   OF COUNSEL

samantha.lewis@nelsonmullins.com

ATLANTIC STATION | SUITE 1700

201 17TH STREET NW | ATLANTA, GA 30363

T 404.322.6166   F 404.322.6050

NELSONMULLINS.COM   VCARD   VIEW BIO

**From:** Craig Goodmark <cgoodmark@gmail.com>
**Sent:** Friday, January 24, 2020 6:16 PM
**To:** Samantha Lewis <samantha.lewis@nelsonmullins.com>
**Cc:** Jon Zimring <zimring@zlawyers.com>
**Subject:** Ford v. FCSD

◄**External Email**► - From: cgoodmark@gmail.com

Samantha - As the parties have received the Order from Chief Judge Malahi, I am writing to open a conversation about how to proceed, as the Final Order shifts the placement, services, and stay-put and is seen generally as immediately subject to implementation.  I appreciate that the District had asked for our dates for

an IEP, however, given the Order's direction to place Jamir in a co-taught classroom, we are looking for some information from the District and will need a short amount of time to get the pieces together for an effective meeting. To start, my recollection at the hearing was that New Prospect did not have co-taught classrooms. If that is correct, Jamir's mother will need to observe the other possibilities for school location, though as we have said in the past she has a preference to stay at New Prospect, and transition would be more available there. If you can tell us the top three locations the District believes are appropriate and some background on these, Ms. Amour can set up times to go observe and be prepared to discuss those locations.

Also, given the Court's order regarding implementing the recommendations of Ms. Wing and Ms. Cohen, we believe the District should arrange to have them at the meeting and pay for their participation as part of their IEE services. I am happy to get their available dates and estimates for costs of participation. We also believe that given the Court's Order, Dr. Holly Ward should also participate at the IEP Meeting as well as developing a plan for Jamir's transition and continuing educational plan, and we ask the District consider this cost, as it would substantially help in the process.

I am interested in moving this process forward and appreciate your cooperation in getting all the proper people and information to the IEP table. I am also happy to discuss ideas towards resolving all the terms of the Court's order and the other issues that remain outstanding including the award of compensatory education and the prevailing party status of Ms. Amour.

I am around Monday to discuss any or all of this. Thanks.

--

CRAIG GOODMARK
1425 Dutch Valley Place
Atlanta, GA  30324
Phone: 404-719-4848

Confidentiality Notice

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

**EXHIBIT 3**



## Re: Ford v. FCSD
1 message

**Craig Goodmark** <cgoodmark@gmail.com>                Wed, Feb 5, 2020 at 4:42 PM
To: Samantha Lewis <samantha.lewis@nelsonmullins.com>
Cc: Jon Zimring <zimring@zlawyers.com>

Samantha - Any updates here on the IEP dates and how the District intends to implement the Court's order.  Thanks for getting back to me.

Craig

On Mon, Jan 27, 2020 at 10:44 AM Samantha Lewis <samantha.lewis@nelsonmullins.com> wrote:

Craig,

Ive requested some additional dates from the District for a meeting as I needed those dates for other meetings.  I will touch base with them about your questions and get you some new dates to select from and will get back with you shortly.

Samantha



SAMANTHA P. LEWIS   OF COUNSEL

samantha.lewis@nelsonmullins.com

ATLANTIC STATION | SUITE 1700

201 17TH STREET NW | ATLANTA, GA 30363

T 404.322.6166   F 404.322.6050

NELSONMULLINS.COM   VCARD   VIEW BIO

**From:** Craig Goodmark <cgoodmark@gmail.com>
**Sent:** Friday, January 24, 2020 6:16 PM
**To:** Samantha Lewis <samantha.lewis@nelsonmullins.com>
**Cc:** Jon Zimring <zimring@zlawyers.com>
**Subject:** Ford v. FCSD

◄**External Email**► - From: cgoodmark@gmail.com

Samantha - As the parties have received the Order from Chief Judge Malahi, I am writing to open a conversation about how to proceed, as the Final Order shifts the placement, services, and stay-put and is seen generally as immediately subject to implementation. I appreciate that the District had asked for our dates for an IEP, however, given the Order's direction to place Jamir in a co-taught classroom, we are looking for some information from the District and will need a short amount of time to get the pieces together for an effective meeting. To start, my recollection at the hearing was that New Prospect did not have co-taught classrooms. If that is correct, Jamir's mother will need to observe the other possibilities for school location, though as we have said in the past she has a preference to stay at New Prospect, and transition would be more available there. If you can tell us the top three locations the District believes are appropriate and some background on these, Ms. Amour can set up times to go observe and be prepared to discuss those locations.

Also, given the Court's order regarding implementing the recommendations of Ms. Wing and Ms. Cohen, we believe the District should arrange to have them at the meeting and pay for their participation as part of their IEE services. I am happy to get their available dates and estimates for costs of participation. We also believe that given the Court's Order, Dr. Holly Ward should also participate at the IEP Meeting as well as developing a plan for Jamir's transition and continuing educational plan, and we ask the District consider this cost, as it would substantially help in the process.

I am interested in moving this process forward and appreciate your cooperation in getting all the proper people and information to the IEP table. I am also happy to discuss ideas towards resolving all the terms of the Court's order and the other issues that remain outstanding including the award of compensatory education and the prevailing party status of Ms. Amour.

I am around Monday to discuss any or all of this. Thanks.

--

CRAIG GOODMARK
1425 Dutch Valley Place
Atlanta, GA 30324
Phone: 404-719-4848

Confidentiality Notice

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

--



CRAIG GOODMARK
1425 Dutch Valley Place
Atlanta, GA  30324
Phone: 404-719-4848

**EXHIBIT 4**

 Gmail

---

## Re: Ford v. FCSD
1 message

---

**Craig Goodmark** <cgoodmark@gmail.com>                                    Thu, Feb 6, 2020 at 11:27 AM
To: Samantha Lewis <samantha.lewis@nelsonmullins.com>
Cc: Jon Zimring <zimring@zlawyers.com>

> I will check.  Short of having all the responses ready, can you get us the potential locations that the school members of the
> IEP team are considering so Mom can check them out.
>
> Craig
>
> On Thu, Feb 6, 2020 at 9:39 AM Samantha Lewis <samantha.lewis@nelsonmullins.com> wrote:
>
>> Craig,
>>
>> Im still waiting for responses on a few items, but as far as IEP date, are you all available on March 12th?  (I don't have
>> exact hours, but I am assuming this will take up most of the day).
>>
>>  NELSON MULLINS
>>
>> ---
>>
>> SAMANTHA P. LEWIS   OF COUNSEL
>>
>> samantha.lewis@nelsonmullins.com
>>
>> ATLANTIC STATION | SUITE 1700
>>
>> 201 17TH STREET NW | ATLANTA, GA 30363
>>
>> T 404.322.6166   F 404.322.6050
>>
>> NELSONMULLINS.COM   VCARD   VIEW BIO
>>
>> ---
>>
>> **From:** Craig Goodmark <cgoodmark@gmail.com>
>> **Sent:** Wednesday, February 5, 2020 4:42 PM
>> **To:** Samantha Lewis <samantha.lewis@nelsonmullins.com>
>> **Cc:** Jon Zimring <zimring@zlawyers.com>
>> **Subject:** Re: Ford v. FCSD
>>
>> Samantha - Any updates here on the IEP dates and how the District intends to implement the Court's order.  Thanks for
>> getting back to me.
>>
>> Craig

On Mon, Jan 27, 2020 at 10:44 AM Samantha Lewis <samantha.lewis@nelsonmullins.com> wrote:

Craig,

Ive requested some additional dates from the District for a meeting as I needed those dates for other meetings.  I will touch base with them about your questions and get you some new dates to select from and will get back with you shortly.

Samantha



SAMANTHA P. LEWIS  OF COUNSEL

samantha.lewis@nelsonmullins.com

ATLANTIC STATION | SUITE 1700

201 17TH STREET NW | ATLANTA, GA 30363

T 404.322.6166  F 404.322.6050

NELSONMULLINS.COM    VCARD   VIEW BIO

**From:** Craig Goodmark <cgoodmark@gmail.com>
**Sent:** Friday, January 24, 2020 6:16 PM
**To:** Samantha Lewis <samantha.lewis@nelsonmullins.com>
**Cc:** Jon Zimring <zimring@zlawyers.com>
**Subject:** Ford v. FCSD

◄**External Email**► - From: cgoodmark@gmail.com

Samantha - As the parties have received the Order from Chief Judge Malahi, I am writing to open a conversation about how to proceed, as the Final Order shifts the placement, services, and stay-put and is seen generally as immediately subject to implementation.  I appreciate that the District had asked for our dates for an IEP, however, given the Order's direction to place Jamir in a co-taught classroom, we are looking for some information from the District and will need a short amount of time to get the pieces together for an effective meeting.  To start, my recollection at the hearing was that New Prospect did not have co-taught classrooms.  If that is correct, Jamir's mother will need to observe the other possibilities for school location, though as we have said in the past she has a preference to stay at New Prospect, and transition would be more available there.  If you can tell us the top three locations the District believes are appropriate and some background on these, Ms. Amour can set up times to go observe and be prepared to discuss those locations.

Also, given the Court's order regarding implementing the recommendations of Ms. Wing and Ms. Cohen, we believe the District should arrange to have them at the meeting and pay for their participation as part of their IEE services. I am happy to get their available dates and estimates for costs of participation. We also believe that given the Court's Order, Dr. Holly Ward should also participate at the IEP Meeting as well as developing a plan for Jamir's transition and continuing educational plan, and we ask the District consider this cost, as it would substantially help in the process.

I am interested in moving this process forward and appreciate your cooperation in getting all the proper people and information to the IEP table. I am also happy to discuss ideas towards resolving all the terms of the Court's order and the other issues that remain outstanding including the award of compensatory education and the prevailing party status of Ms. Amour.

I am around Monday to discuss any or all of this. Thanks.

--

CRAIG GOODMARK
1425 Dutch Valley Place
Atlanta, GA 30324
Phone: 404-719-4848

Confidentiality Notice

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

--



CRAIG GOODMARK
1425 Dutch Valley Place
Atlanta, GA 30324
Phone: 404-719-4848

--



CRAIG GOODMARK
1425 Dutch Valley Place
Atlanta, GA  30324
Phone: 404-719-4848

**Exhibit 5**



## RE: Ford v. FCSD
1 message

**Samantha Lewis** <samantha.lewis@nelsonmullins.com>                Thu, Feb 6, 2020 at 9:39 AM
To: Craig Goodmark <cgoodmark@gmail.com>
Cc: Jon Zimring <zimring@zlawyers.com>

Craig,

Im still waiting for responses on a few items, but as far as IEP date, are you all available on March 12th?  (I don't have exact hours, but I am assuming this will take up most of the day).



SAMANTHA P. LEWIS   OF COUNSEL

samantha.lewis@nelsonmullins.com

ATLANTIC STATION | SUITE 1700

201 17TH STREET NW | ATLANTA, GA 30363

T 404.322.6166   F 404.322.6050

NELSONMULLINS.COM    VCARD   VIEW BIO

**From:** Craig Goodmark <cgoodmark@gmail.com>
**Sent:** Wednesday, February 5, 2020 4:42 PM
**To:** Samantha Lewis <samantha.lewis@nelsonmullins.com>
**Cc:** Jon Zimring <zimring@zlawyers.com>
**Subject:** Re: Ford v. FCSD

Samantha - Any updates here on the IEP dates and how the District intends to implement the Court's order.  Thanks for getting back to me.

Craig

On Mon, Jan 27, 2020 at 10:44 AM Samantha Lewis <samantha.lewis@nelsonmullins.com> wrote:

Craig,

Ive requested some additional dates from the District for a meeting as I needed those dates for other meetings. I will touch base with them about your questions and get you some new dates to select from and will get back with you shortly.


Samantha


 NELSON MULLINS

---

SAMANTHA P. LEWIS  OF COUNSEL

samantha.lewis@nelsonmullins.com

ATLANTIC STATION | SUITE 1700

201 17TH STREET NW | ATLANTA, GA 30363

T 404.322.6166  F 404.322.6050

NELSONMULLINS.COM  VCARD  VIEW BIO

---

**From:** Craig Goodmark <cgoodmark@gmail.com>
**Sent:** Friday, January 24, 2020 6:16 PM
**To:** Samantha Lewis <samantha.lewis@nelsonmullins.com>
**Cc:** Jon Zimring <zimring@zlawyers.com>
**Subject:** Ford v. FCSD


◄**External Email**► - From: cgoodmark@gmail.com


Samantha - As the parties have received the Order from Chief Judge Malahi, I am writing to open a conversation about how to proceed, as the Final Order shifts the placement, services, and stay-put and is seen generally as immediately subject to implementation. I appreciate that the District had asked for our dates for an IEP, however, given the Order's direction to place Jamir in a co-taught classroom, we are looking for some information from the District and will need a short amount of time to get the pieces together for an effective meeting. To start, my recollection at the hearing was that New Prospect did not have co-taught classrooms. If that is correct, Jamir's mother will need to observe the other possibilities for school location, though as we have said in the past she has a preference to stay at New Prospect, and transition would be more available there. If you can tell us the top three locations the District believes are appropriate and some background on these, Ms. Amour can set up times to go observe and be prepared to discuss those locations.


Also, given the Court's order regarding implementing the recommendations of Ms. Wing and Ms. Cohen, we believe the District should arrange to have them at the meeting and pay for their participation as part of

their IEE services.  I am happy to get their available dates and estimates for costs of participation.  We also believe that given the Court's Order, Dr. Holly Ward should also participate at the IEP Meeting as well as developing a plan for Jamir's transition and continuing educational plan, and we ask the District consider this cost, as it would substantially help in the process.

I am interested in moving this process forward and appreciate your cooperation in getting all the proper people and information to the IEP table.  I am also happy to discuss ideas towards resolving all the terms of the Court's order and the other issues that remain outstanding including the award of compensatory education and the prevailing party status of Ms. Amour.

I am around Monday to discuss any or all of this.  Thanks.

--

CRAIG GOODMARK
1425 Dutch Valley Place
Atlanta, GA  30324
Phone: 404-719-4848

Confidentiality Notice

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

--

CRAIG GOODMARK
1425 Dutch Valley Place
Atlanta, GA  30324
Phone: 404-719-4848

**EXHIBIT 6**

 Gmail

## Ford - Follow Up

1 message

**Craig Goodmark** <cgoodmark@gmail.com>                                      Mon, Feb 10, 2020 at 1:26 PM
To: Samantha Lewis <samantha.lewis@nelsonmullins.com>, Jon Zimring <zimring@zlawyers.com>

Samantha – We are concerned with the delay in waiting to hear back from your on implementation of the Court's Order. I appreciate you working on getting us information, but that does not alter the responsibilities to Jamir.  As of January 21, 2020, Jamir has the IDEA protected right to be out of GNETS.  Each school day that passes without his removal from GNETS is a violation of his IDEA and 504/ADA rights, creating additional exposure to liability for FCSD.  As well, the Court has ordered Jamir receive services and Jamir is not currently receiving those services and these can be implemented promptly, if your client collaborates with us.

We understand the complexities of getting a meeting to resolve the Court ordered changes, but your client has to understand that the placement and services have already changed as a matter of law, even if your client appeals Judge Malahi's order. We do not waive any rights to the services as of the Court's January 21 order and need to identify that we will pursue additional compensatory educational services for the additional lost time. We also see further delay as making a compensatory plan more and more difficult.

To recap, we sought proposed placements FCSD considers appropriate to implement Jamir's program. We are also seeking a proposed plan or adherence to our proposal for Jamir's removal from GNETS. We also need all behavioral data collected to date this school year.  This will be helpful as we contemplate Jamir's transition.  I had indicated, we are open to a discussion of a global resolution of not only the issues raised by the Court's order, but also other relief Jamir and the Family are entitled to including the damages claim that has now been administratively exhausted and ripe to be filed in federal court and the Families status as prevailing party and payment of attorneys' fees incurred during the litigation. If this is between counsel rather than waiting on the IEP meeting, we are willing to meet but this would be with authority from both sides.

We had hoped that Jamir would have been moved before the February 17 holiday giving him a long weekend to facilitate the transition out of GNETS.  We can work to make ourselves, the experts and the Family available before that date as waiting till March does  not seem viable and seems to us that your client is simply not giving this the attention and priority that this demands.

Thanks for letting me know where this stands with your client.

Craig & Jon

--



CRAIG GOODMARK
1425 Dutch Valley Place
Atlanta, GA  30324
Phone: 404-719-4848

**EXHIBIT 7**



# RE: Ford - Follow Up
1 message

**Samantha Lewis** <samantha.lewis@nelsonmullins.com>     Tue, Feb 11, 2020 at 11:11 AM
To: Craig Goodmark <cgoodmark@gmail.com>, Jon Zimring <zimring@zlawyers.com>

Craig/Jon:

I will be speaking with my client about all these issues.  I am hoping to get you a comprehensive response tomorrow afternoon.  I apologize for the delay, my father was unexpectedly hospitalized last week so everything went a bit sideways.



SAMANTHA P. LEWIS   OF COUNSEL

samantha.lewis@nelsonmullins.com

ATLANTIC STATION | SUITE 1700

201 17TH STREET NW | ATLANTA, GA 30363

T 404.322.6166   F 404.322.6050

NELSONMULLINS.COM   VCARD   VIEW BIO

**From:** Craig Goodmark <cgoodmark@gmail.com>
**Sent:** Monday, February 10, 2020 1:27 PM
**To:** Samantha Lewis <samantha.lewis@nelsonmullins.com>; Jon Zimring <zimring@zlawyers.com>
**Subject:** Ford - Follow Up

◄**External Email**► - From: cgoodmark@gmail.com

Samantha – We are concerned with the delay in waiting to hear back from your on implementation of the Court's Order.  I appreciate you working on getting us information, but that does not alter the responsibilities to Jamir.  As of January 21, 2020, Jamir has the IDEA protected right to be out of GNETS.  Each school day that passes without his removal from GNETS is a violation of his IDEA and 504/ADA rights, creating additional exposure to liability for FCSD.  As well, the Court has ordered Jamir receive services and Jamir is not currently receiving those services and these can be implemented promptly, if your client collaborates with us.

We understand the complexities of getting a meeting to resolve the Court ordered changes, but your client has to understand that the placement and services have already changed as a matter of law, even if your client appeals

Judge Malahi's order. We do not waive any rights to the services as of the Court's January 21 order and need to identify that we will pursue additional compensatory educational services for the additional lost time. We also see further delay as making a compensatory plan more and more difficult.

To recap, we sought proposed placements FCSD considers appropriate to implement Jamir's program. We are also seeking a proposed plan or adherence to our proposal for Jamir's removal from GNETS. We also need all behavioral data collected to date this school year. This will be helpful as we contemplate Jamir's transition. I had indicated, we are open to a discussion of a global resolution of not only the issues raised by the Court's order, but also other relief Jamir and the Family are entitled to including the damages claim that has now been administratively exhausted and ripe to be filed in federal court and the Families status as prevailing party and payment of attorneys' fees incurred during the litigation. If this is between counsel rather than waiting on the IEP meeting, we are willing to meet but this would be with authority from both sides.

We had hoped that Jamir would have been moved before the February 17 holiday giving him a long weekend to facilitate the transition out of GNETS. We can work to make ourselves, the experts and the Family available before that date as waiting till March does not seem viable and seems to us that your client is simply not giving this the attention and priority that this demands.

Thanks for letting me know where this stands with your client.

Craig & Jon


--




CRAIG GOODMARK
1425 Dutch Valley Place
Atlanta, GA  30324
Phone: 404-719-4848

Confidentiality Notice

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.


## Jamir Ford Follow-Up

1 message

---

**Samantha Lewis** <samantha.lewis@nelsonmullins.com>                    Wed, Feb 12, 2020 at 3:55 PM
To: "Craig Goodmark (cgoodmark@gmail.com)" <cgoodmark@gmail.com>, Jon Zimring <zimring@zlawyers.com>

Craig/Jon,

Please allow this to serve as a comprehensive response to your prior email correspondences.

Regarding the issue of location of services, the District is prepare to provide Jamir services at his home school.  The District is not considering any other location for services.  We can make arrangements for Jamir and his family to tour Dolvin, met the new Administration and his new teaching staff and see his new classroom.  Please let me know if the family would like to take advantage of that opportunity.  Please also let me know if the family has moved and are now located in a different attendance zone.

You all are welcome to bring Mindy Cohen, Kimberlee Wing, Holly Ward, or any other providers of your choosing to the meeting.  However, as you indicated at the hearing, the reports from these individuals were comprehensive and complete.  As such, the District does not feel there is a need to pay for these individuals to be at the meeting.

I have requested that the District provide me an IEP meeting date in February.  We are tentatively looking at February 25th.  Please let me know if this date works for you and your client.

From your most recent correspondence I understand that you hoped to move Jamir to a co-taught setting by February 17th.  Given the complexities of this case and Jamir's services and programming, the District would not recommend this plan and would strongly encourage that we have an IEP meeting to put a solid plan of services in place to support Jamir in the co-taught setting.  However, while the District does not agree with Judge Malihi's Order, we certainly do not want to stand in the way of enforcement of that Order.  As such, if Jamir's mother wants to remove him from his current setting and enroll him in Dolvin, arrangements can be made to be ready to receive him.  Please let me know.

Your recent correspondence alludes to a global resolution and suggests some sort of meeting.  I am uncertain what you are referring to or requesting.  Please be more specific and clear.  Are you proposing a mediation?

I believe this covers all of your questions. If there is anything that I have forgotten, please let me know as that was not my intent.

Very truly yours,

Samantha Lewis



**SAMANTHA P. LEWIS**   OF COUNSEL

samantha.lewis@nelsonmullins.com

**ATLANTIC STATION | SUITE 1700**

**201 17TH STREET NW | ATLANTA, GA 30363**

ᴛ 404.322.6166   ꜰ 404.322.6050

**NELSONMULLINS.COM**   VCARD   VIEW BIO

Confidentiality Notice

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

**EXHIBIT 9**

 Gmail

## Ford, J. - Post Order Issues

1 message

**Craig Goodmark** <cgoodmark@gmail.com>                              Fri, Feb 14, 2020 at 3:22 PM
To: Samantha Lewis <samantha.lewis@nelsonmullins.com>
Cc: Jon Zimring <zimring@zlawyers.com>

  Samantha - Please see attached.  We understand Monday is a holiday but given the timing of things since the Court's
Order, we are seeking an immediate response to the requests in our letter.  Thank you.



CRAIG GOODMARK
1425 Dutch Valley Place
Atlanta, GA  30324
Phone: 404-719-4848

---

**2 attachments**

 **200214 ltr to Lewis re IEE_Gebser_IEP.pdf**
287K

 **200214 Gebser Letter 2d_postOrder.pdf**
120K

# GOODMARK LAW FIRM, LLC

1425A DUTCH VALLEY PLACE
ATLANTA, GEORGIA 30324
OFFICE 404.719.4848
EMAIL: CGOODMARK@GMAIL.COM

February 14, 2020

**VIA EMAIL** (samantha.lewis@nelsonmullins.com)

Ms. Samantha Lewis
Nelson Mullins Riley & Scarborough LLP
201 17th Street NW
Suite 1700
Atlanta, GA 30363

> RE:    **Ford. v. FCSD –** **ATTACHED** *GEBSER* **NOTICE, IEE**
> **REIMBURSEMENT, AND FINAL DECISION**

Samantha:

We are following up on several issues. We are very concerned with the continuing posture of the District, its failure to take action, the suggestion that this is "business as usual" having discriminated and segregated illegally for 18 months in a program that was not his "home school," and the continuing denials of IDEA, ADA, 504 and constitutional rights. We had hoped the hearing would resolve these issues and provide a foundation to collaboratively move forward. Nothing in any of your responses allows that to occur. Nothing in these signals a change in the District's push down on the parents' position or requests, or changes its unfortunate approach.

First, we have enclosed our Second *Gebser* Notice to the District and Board, including the Superintendent and Board Chair. Please deliver it to them, or identify for us that you are not doing so and we are free to independently and directly send them this notice. If we do not hear from you, we will rely on your transmittal of that letter to them and to the full Board. We want to ensure that the leaders of the District and Board, with authority to take action, are put on full notice, again.

Addressing the IEE issues, we write again to supplement our requests last year and then notice of October 21, 2019 and the invoices sent. IEEs were sought for Jamir on **February 20, 2019**, and were "approved" as to SLP and OT without limitation on or about March 20, 2019 with an accompanying document styled "Parental Guidelines" but this did not have cost limitations in this response, nor assert that the evaluators would not attend IEP meetings to present their

evaluations. We sent invoices for the evaluations only, on 10-21-2019, but this was apparently ignored and has not been paid. We have been provided cost limitations coupled with a refusal to have the evaluators at meetings at District expense. Neither of these are timely and create continued violations of law, perhaps retaliatory to Jamir's pursuit of statutory and constitutional rights. On this issue, the District needs to comply with attendance and the needed costs. We are fully prepared to litigate these issues.

Even independent of the hearing and the placement/services issues, the IEE is a meaningful right, Phillip C. ex rel. A.C. v. Jefferson Cnty. Bd. of Educ., 701 F.3d 691, 698 (11th Cir. 2012), and these led to changes from inappropriate services. Even where the services are not adopted and ordered by the Court, "[i]f the parent obtains an independent educational evaluation at public expense or shares with the public agency an evaluation obtained at private expense, the results of the evaluation must be considered by the public agency, if it meets agency criteria, in any decision made with respect to the provision of FAPE to the child." 34 C.F.R. 300.502(c)(1). The United States Department of Education has made clear that if an agency sets a maximum cap for an IEE and a parent selects an evaluator who exceeds the cap, the agency must request a hearing and prove the fees sought are unreasonably excessive. Letter to Anonymous, 22 IDELR 637 (1994); Letter to Thorne, 16 IDELR 606 (OSEP 1990); Letter to Petska, 35 IDELR 191 (OSERS 2001); Letter to Parker, 41 IDELR 155 (OSERS 2004). Otherwise, the district has to pay the fees of the independent evaluator. Id. See also Jefferson Cnty. Bd. of Educ. v. Lolita S., 977 F.Supp.2d 1091, 1127 (N.D. Ala. 2013), aff'd 581 F. App'x 760 (11th Cir. Sept. 11, 2014)(when a school district does not file a hearing request to prove the independent evaluator does not meet agency criteria, the district must reimburse parents for the independent evaluation).

"The United States Office of Special Education Programs (OSEP) has issued a policy letter, Letter to Parker, that clarifies that the choice of evaluator rests with parents." Student v. Danbury Bd. of Educ., Final Decision and Order 05-293, p. 22 (2007). "Once a school district has agreed to an IEE, if it disagrees with the parent's choice of evaluator the board must take the issue to due process." Id. Otherwise, it has "acquiesced to the Parent's choice of evaluator." Id.

Additionally, as Fulton County has its evaluators at IEP meetings at public expense, this is a duty and a right of access at public expense that extends to the IEE evaluators. See Section 300.502(e). The case law on this point is clear, see M.M. v. Lafaette Sch. Dist,. 58 IDELR 132 *10 (N.D. Calif. 2012) and Meridian Joint Sch. Dist., No. 2 v. D.A. and J.A., 62 IDELR 144 (D. Idaho 2013). Thus, the attempt at this point to set cost limitations for the IEE, and to oppose the attendance of evaluators at meetings to revise the IEP, has been waived by delay, whether one counts from

March 2019, or October 2019, or looks at the holding in the Final Order as to adopting the recommendations into the IEP. Please confirm that your client is going to promptly meet these costs. Please identify any actions taken by your client since the Court's Final Order to provide this IEP meeting with the evaluators present, and in the absence of such information, we will assume the likely truth, that nothing has been done.[1]

The next issue addresses the rather strange response as to whether we are asking to mediate in seeking the Fulton County School District implement its duties under the maintenance of placement provision. Section 300.518(d). We find your email providing the only option as removing Jamir back only to Dolvin abusive and outrageous in light of the situation and circumstances, not meant in good faith to achieve what is required. Your client has previously taken the position that only class by class changes with transition services including training and observations was appropriate, and the distinction we sought was what the Court found and ordered - full removal <u>but with transition</u>. The suggestion made that this should be ignored as we are now almost a month removed from the Order, is a serious problem and rejected. We do not want to play word games over this so you can now blame our client for delay. The duty was a new placement <u>with</u> transition and supports.

Independently, suggesting that Jamir go back to Dolvin is almost as outrageous. It seems that as Fulton felt comfortable removing him from his "home school" and transporting him to another, and as it suggested its proposal was that he remain at New Prospect during a period by period transition, one can only wonder at the current abusive suggestion driven by both a suggestion of location and home school. We expect Fulton to make a wider range of school placements available, to observe and plan around, to provide transportation as it has for the past 19 months, and to support Jamir in an effort to avoid further harm. Changing

---

[1] To avoid delay please find enclosed please find another set of copies of invoices for the agreed upon independent educational evaluations in Speech/Language (Mindy Cohen), Occupational Therapy (Kimberly Wing), and Psychological (Dr. Tyler Whitney). These invoices have been paid in full by Goodmark Law Firm on behalf of the Family and the District should reimburse the Firm directly as previously agreed upon. These payments need to be immediately confirmed, i.e., by February 18, 2020, and made by March 1, 2020. Additionally, we need a commitment that the District will pay for Ms. Wing and Ms. Cohen, at their customary community hourly rate to attend or participate in an IEP meeting. If this is not done, we have no choice but to assume that this is a refusal to act.

the staff at Dolvin was needed, and perhaps a step forward, but what else is going to be done to erase the memories and lack of information, support and change what was done there is unclear. After 13 months of litigation, and counting, it seems the suggestion that Dolvin is the only option is seeking continued and additional litigation. Perhaps your client has not reviewed what the staff said during the hearing, as just changing the administration does not give Jamir and the Family a clean slate at Dolvin. We expect alternatives and Fulton's plan for transition also by the 18th, and in its absence, we will assume to refusal to act.[2] A month to address this, or even to start to address this, is enough.

We have also attached a copy, another copy, of the transition plan we had developed. If there are concerns or objections to this, it would be prudent to have these raised and identified by you immediately and directly. If this is done, please have the reasons, or data provided for the objections, as we will also rely on Mr. Abernathy's position – it is all driven by data - and look to what supports those contentions.

We have sought the current instructional and behavioral data. This has not been provided. It would seem that this is also readily available and again we seek it by the 18th. Again, let's all recall Mr. Abernathy's "it is driven by data," as driving this request.

---

[2] We noticed you used the phrase location as perhaps a term of art, but the IEP must include "the anticipated frequency, *location* and duration of those services and modifications. 20 U.S.C. § 1414(d)(1)(A)(i)(VII)(emphasis supplied); 34 C.F.R. § 300.320(a)(7) (same). So this is an IEP team issue and we are making clear that there is a "potential for harm", see 300.116(d), if FCSD uses Dolvin. Further, location changes into a placement issue when there is a concern "whether the decision is likely to affect in some significant way the child's learning experience." P.V. v. School Dist. of Philadelphia, CIV. ACTION NO. 2:11-cv-04027, at 11, 60 IDELR 185 (E.D. Pa. Feb. 19, 2013) (citing DeLeon v. Susquehanna Cmty, School Dist., 747 F.2d 149, 153 (3d. Cir. 1984))(change in physical location may affect a student's learning experience and learning rate). See also e.g. George A. Wallinton Swarthmore Sch. Dist., 655 F. Supp. 2d 546, 550 (E.D. Pa. 2009). "The meaning of 'educational placement' falls somewhere between the physical school attended by a child and the abstract goals of a child's IEP." R.B. v. Mastery Charter School, 762 F. Supp. 745, 763 (E.D. Pa. 2010; V.S. v. NYCDE, 63 IDELR 162 *4 (E.D.N.Y. June 9, 2014) ("[D]epending on the needs of the student, the characteristics of the specific school site can be an important factor in assessing the adequacy of the IEP and its implementation."); T.L. v. NYCDE, 938 F.Supp. 2d 417, 436-7 (S.D. N.Y. 2013) (remanding for consideration of "the effect of the school's facilities and environment" on the child because "evaluating only the educational methods within a given school environment without considering physical features is not sufficient to determine an appropriate placement.")

Turning to the suggestion we made as to a global resolution, we were not seeking a mediation that would be again meaningless or a reason for delayed – similar to the past mediation in this case where FCSD changed its positions as time went on and then failed to negotiate in any meaningful way.  We identified a potential resolution as there are a number of issues, including: the nature and cost of compensatory education, ADA/504 damages for its intentional exclusion and segregation, attorney fees and costs of litigation, and on-going services, that could be resolved in a meaningful exchange. We have no evidence from you or your client that this was going to be its new approach, but we nevertheless made this overture. If Fulton and its leadership wants to address these issues so that a resolution is reached or an impasse is identified within the next 30 days, we are available to do so and would cooperate in a mutual process. We look to see some willingness to cure the harm it has caused and pay the amounts needed to meet the claims. If this is your client's position and you have someone with authority available, we are willing to exchange demands and to meet on an established timeframe. In the absence of confirming this is Fulton's new approach, we will move forward understanding nothing has changed.

We had hoped this would be a wake-up call for the District, but there is nothing that supports such has occurred.  Please push your client towards a more meaningful approach.

Sincerely,

*/s/ Craig Goodmark*

*/s/ Jonathan Zimring*
Craig Goodmark
Jonathan Zimring

C: JA
Enclosures: as stated

**Pediatric Development Center of Atlanta, LLC**
3200 Highlands Pkwy SE Ste 150
Smyrna, GA 30082
(770)433-2300

| Invoice Date | Invoice # |
|---|---|
| 6/15/2019 | PS-59495 |

| Make Checks Payable To: |
|---|

Fulton County Schools
Blake McGaha, Exec. Dir. For Exceptional Children
6201 Powers Ferry Rd NW
Atlanta, GA 30339

| Pediatric Development Center of Atlanta, LLC |
|---|
| 3200 Highlands Pkwy SE Ste 150 |
| Smyrna, GA 30082 |
| (770)433-2300 |

| Client: Ford, Jamir | MR #: 6717 | | | | Case: IEE OT EVAL 2019 |
|---|---|---|---|---|---|
| **Date** | **Service Rendered** | **Charge** | **Hours** | **Total** | **Balance** |
| 4/16/2019 | IEE OT Evaluation | 200.00 | 10.00 | 2,000.00 | 2,000.00 |

**IEE OT Evaluation**     **Jamir Ford**

Therapist     Kimberlee Wing, OTR/L

| Total Due |
|---|
| $2,000.00 |

**Tyler T. Whitney, Psy.D.**
314 Maxwell Road, Suite 400
Alpharetta, GA  30009
tyler@drwhitney.org

# Invoice

| BILL TO |
| --- |
| Craig Goodmark, Esq. |
| Goodmark Law Firm |
| One West Court Square |
| Suite 410 |
| Decatur, GA  30030 |

| INVOICE # | DATE | TOTAL DUE | DUE DATE | TERMS | ENCLOSED |
| --- | --- | --- | --- | --- | --- |
| 1287 | 04/16/2019 | $3,105.00 | 04/16/2019 | Due on receipt | |

| DATE | ACTIVITY | QTY | RATE | AMOUNT |
| --- | --- | --- | --- | --- |
| 04/01/2019 | Intake Interview | 1 | 345.00 | 345.00 |
| 04/02/2019 | Assessment / Scoring | 2.25 | 240.00 | 540.00 |
| 04/03/2019 | Assessment / Scoring | 2.25 | 240.00 | 540.00 |
| 04/05/2019 | Report Writing | 4 | 240.00 | 960.00 |
| 04/25/2019 | Report Preparation | 2 | 240.00 | 480.00 |
| 04/30/2019 | Report Writing | 1 | 240.00 | 240.00 |

Jamir Ford
DOB:  06-09-2012

**BALANCE DUE**          **$3,105.00**

From:   Neurotech Solutions

        2472 Jett Ferry Road, #400-136
        Atlanta, GA 30338

# Invoice 2835

To: Fulton County Schools
    6201 Powers Ferry Road
    Atlanta, GA 30339

| | |
|---|---|
| Issue Date | 08/08/2019 |
| Period Start | 06/07/2019 |
| Period End | 06/15/2019 |
| Provider | Mindy Cohen, M.Ed, CCC-SLP |
| | License #: 000637 |
| | NPI #:  1225278195 |
| | Phone: 770-595-3020 |
| | Fax:      678-222-3401 |

Student: Jamir Yestin Ford

## SPEECH-LANGUAGE IEE

| | | |
|---|---|---|
| 06/07/2019 | Speech-Language IEE Part 1: | 2 hours |
| 06/13/2019 | Speech-Language IEE Part 2: | 2 hours |
| 06/15/2019 | Speech-Language IEE Part 3: | 3.5 hours |
| 08/07/2019 | Balance Due | **$3,000** |

Payment Due Upon Receipt.

Please Make Payable to:   Neurotech Solutions

*Thank you for the opportunity to work with this Fulton County Schools student!*

EXHIBIT 10



## Re: Ford, J. - Post Order Issues

1 message

**Samantha Lewis** <samantha.lewis@nelsonmullins.com>
To: Craig Goodmark <cgoodmark@gmail.com>
Cc: Jon Zimring <zimring@zlawyers.com>

Mon, Feb 17, 2020 at 9:22 AM

Craig,

I will try to get you a response today but I am in discipline hearings all day so it may be tomorrow before I can get information.

Sent from my iPhone

> On Feb 14, 2020, at 3:24 PM, Craig Goodmark <cgoodmark@gmail.com> wrote:

**◄External Email►** - From: cgoodmark@gmail.com

Samantha - Please see attached. We understand Monday is a holiday but given the timing of things since the Court's Order, we are seeking an immediate response to the requests in our letter. Thank you.



CRAIG GOODMARK
1425 Dutch Valley Place
Atlanta, GA 30324
Phone: 404-719-4848

<200214 ltr to Lewis re IEE_Gebser_IEP.pdf>
<200214 Gebser Letter 2d_postOrder.pdf>

Confidentiality Notice

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

**EXHIBIT 11**

Craig Goodmark <cgoodmark@gmail.com>



## Ford, Jamir: Response to Post Hearing Issues
1 message

**Samantha Lewis** <samantha.lewis@nelsonmullins.com>                     Tue, Feb 18, 2020 at 3:44 PM
To: Jon Zimring <zimring@zlawyers.com>, "Craig Goodmark (cgoodmark@gmail.com)" <cgoodmark@gmail.com>

Jon/Craig,

I am in receipt of your correspondence from February 14th.  In it you raise several issues that I will attempt to address in turn (if there are any I left out, it was not intentional, just let me know):

- IEE Payment:
  - As an initial matter we disagree with your factual contentions regarding the District's failure to provide Ms. Armour any criteria for the IEE process.  Mr. Abernathy sent Ms. Armour an email in April 2019 (attached) which clearly outlines the criteria for each service provider as well as the District's maximum amount.  Furthermore, as Ms. Armour previously obtained an IEE in 2017 and was provided with this documentation at that time as well, she was on notice that there was a process, criteria, and maximum amount for these evaluations.  Moreover, in October you emailed me admitting that you were aware of the maximum amount of IEEs and you acknowledged that all your providers were in excess of that maximum.  So your current assertions that we never provided any information about amounts for IEEs, etc. is a bit baffling to me.
  - Nevertheless, I would like to be able to move past this and for the team to be able to develop a plan collaboratively for these services as well as the transition.  In that spirit, my client will agree to pay the full cost of the IEEs for Mindy Cohen, Kimberlee Wing, and Tyler Whitney.  However, in order to do so, your client will need to complete the attached records release for each of these providers.  We have been requesting this for nearly a year and have not received it.
  - As an FYI, IEE providers who are paid with the District sign a contract with the District.  None of your providers signed a contract with the District in this matter as you did not follow our process.  This creates problems for payment.  As such, it may take us some time to process the invoices.  It is also possible that our Accounting Department is going to require your providers to enter into a contract with the District for payment.
- IEE Providers at the IEP Meeting:
  - As noted above, the District has criteria regarding IEE providers which was furnished to your client.  The cost of the IEEs that the District pays includes a 1-hour feedback session.  We do not pay this separately or in addition to the IEE fee.
  - That being said, and again in a spirit of cooperation, Fulton County Schools will consider (we do not currently agree to) paying your IEE providers for a 1-hour feedback session, which can occur as part of the IEP meeting.  Provided the following:
    - The records release is signed for each provider
    - You provide us names of the IEE providers you would like feedback sessions for
    - You provide us the exact hourly cost for each provider (the District cannot agree to pay the providers until we know the cost).
    - If the District does agree to payment, the District will need an invoice for each provider to process for payment.
- Transition Plan:
  - I understand your letter to request a transition plan from the District by the end of the day today.
  - We previously provided a transition plan during mediation.  I bring this up only to note that you should not view that plan as the District's current proposal.
  - In fact, the District does not have a complete proposal for Jamir.  My client wants to meet in an IEP setting with all parties so a plan for transition can be discussed and developed collaboratively.  We have offered dates for that meeting.  When you expressed concern that the date was too far off, I obtained an earlier date.  We will be prepared to fully discuss transition at that meeting pursuant to the Court's Order.
  - I don't see a value in the District crafting a written plan that is one-sided in that only District personnel are involved, in order for you to tell us you don't agree with anything.  This just puts us in a negotiation posture rather than a collaborative posture to actually develop a plan with all parties at the table.

- Services:
  - No speech or OT services have begun as these would not begin without an IEP meeting and amendment of the IEP to include these services.
  - At the IEP meeting we plan to discuss the implementation of these services.
- Records:
  - I have sent records each time you have requested them. The District does not provide regular record updates to attorneys. However, Ms. Armour should have been receiving progress reports and updates from the school. If she is missing these, let me know.
  - I have requested copies of the progress reports and recent data and will send it to you once received.
- While I don't like to belabor issues, I do need to address the contention in your letter that I suggested the family "just dump" Jamir at Dolvin without supports. If you had read my correspondence in its entirety it would be very clear that was precisely what I was NOT suggesting happen. However, you sent an email in which you stated that you hoped Jamir could be moved to a different placement within a week. As I have maintained, we need to have an IEP meeting to put a plan in place. However, if your client really wanted to move him, I wanted you all to know that the District would not stand in the way of that or of the Court's Order regarding placement. My notification of that in no way served as the District's transition proposal and I'm surprised you would consider it such.

Very truly yours,

Samantha Lewis



SAMANTHA P. LEWIS   OF COUNSEL

samantha.lewis@nelsonmullins.com

ATLANTIC STATION | SUITE 1700

201 17TH STREET NW | ATLANTA, GA 30363

T 404.322.6166   F 404.322.6050

NELSONMULLINS.COM   VCARD   VIEW BIO

Confidentiality Notice

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

---------- Forwarded message ----------
From: "Abernathy, Robert" <Abernathy@fultonschools.org>
To: Jatoyia Armour <jatoyiaarmour@gmail.com>
Cc: "Gilland, Patricia (Tris)" <gillandp@fultonschools.org>
Bcc:
Date: Thu, 18 Apr 2019 18:11:06 +0000
Subject: Ford.Jamir_IEE Request Response_4.18.19

Hello Ms. Armour,

Please see the attached IEE Response Letter.  Also attached are your parent rights, potential evaluators (for psychological evaluation, speech therapy evaluation, occupational therapy evaluation and functional behavior assessment), agency criteria (for psychological evaluation, speech therapy evaluation, occupational therapy evaluation and functional behavior assessment), parent guidelines regarding IEE's, IEE parent request form and a records release.

This information is also being sent to you via certified mail.

Thank you and please let me know if you have any questions.

**Robert Abernathy, Ed.S.**

Coordinator, Services for Exceptional Children | Fulton County Schools

6201 Powers Ferry Rd. | Atlanta, GA 30339

**phone: 470-254-0409 | cell: 404-353-9304 | fax: 470-254-1243**

abernathy@fultonschools.org  |  www.fultonschools.org

---

**15 attachments**

 **Records Release Request (English) - new.pdf**
45K

**Ford.Jamir_IEE Response Letter_4.18.19.docx**
303K

**Parents Rights-English (FCS) revised July 2015.pdf**
244K

**Psychologists Potential Evaluators.docx**
15K

**Speech Therapists Potential Evaluators.docx**
13K

**Occupational Therapists Potential Evaluators.docx**
14K

**BCBAs Potential Evaluators.docx**
14K

**Agency Criteria--Psychoeducational Evaluation.docx**
288K

**Agency Criteria--Speech Language Evaluation.docx**
287K

**Agency Criteria--Occupational Therapy.docx**
287K

**Agency Criteria--Functional Behavior Assessment.docx**
525K

**Parental Guidelines.docx**
289K

**IEE Parental Request Form.docx**
525K

**Records Release Request (English) - new.pdf**
45K

**Ford.Jamir_IEE Request Response_4.18.19.eml**
3903K

EXHIBIT 12



## Ford IEP - 2/25/20
1 message

**Craig Goodmark** <cgoodmark@gmail.com>                                        Wed, Feb 19, 2020 at 12:08 PM
To: Samantha Lewis <samantha.lewis@nelsonmullins.com>
Cc: Jon Zimring <zimring@zlawyers.com>

Samantha - Thank you for the response and we will review the information sent.  We are available to meet next Tuesday as we have previously indicated, though some otherwise sought participants may not be available.  Given the number of participants and the information that needs to be reviewed, we expect the District will agree to an morning start time to ensure the IEP is completed.  We continue to have concerns about the District's position articulated by you in initial email -- that Dolvin is the only placement being contemplated by the District.  If this is true, it's very hard to reconcile with your second statement that the District does not intend simply to dump Jamir back at Dolvin since there has been no indications from the District that their  "if you don't like it then sue us" attitude has changed.  This is why we have addressed "location" without your response. As we see it as a placement consideration because "location" will impact placement and become an IEP issue for discussion, we expect other "locations," along with transportation to be addressed at the meeting, and staff from these locations in attendance.

This litigation is filled with repeated attempts by the Family to collaborate and being told by your client first at an IEP table, then at a resolution session, then before and after the mediation and now after losing in Court that they will do whatever they like and the Family will simply have to deal with it.  This is not acceptable and will simply lead to further litigation if your client can not acknowledge that the Family and Jamir have guaranteed rights that when they are ignored will result in a lawsuit.  Now, Jamir has been in an unnecessary, segregative and now illegal placement for 22 months and counting (including when he was withdrawn to avoid that placement). What happened, as we know, is Fulton said he no longer was welcome at Dolvin.

I am in receipt of the data produced by you from the GNETS that appears to have been kept from the Family while the Court was deciding this case.  This is yet another example of the District ignoring the IDEA rights of this Family while trying to gain a strategic advantage for itself, or at the least to avoid evidence contrary to its position in the case, and again makes it hard to reconcile your representations that your client is preparing to collaborate with the Family moving forward.  This data shows that Jamir does not exhibit the type of frequency or intensity of behaviors that supports the District's now illegal GNETS placement.  This makes Jamir's month long hold over at GNETS even more egregious, apparently intentional, meeting the criteria for a damages award for discrimination.

As part of the Family's right to meaningfully participate, we are seeking information about the method of transition out of GNETS.  Testimony from the hearing indicated that students are monitored by GNETS staff as they transition out.  As well, GNETS represents that they provide training to the receiving placement on the behavioral needs of the student.  This type of transition planning, along with a methodical transition out of the location, is necessary to ensure success.  Please provide clarification on who at GNETS will oversee this planning, training and transition; who will collect the data on the transition and ensure the level of support is appropriate for Jamir to be successful.  Your email indicates the District does not have a complete

proposal, please provide whatever information the District has regarding this transition in advance of the meeting.

With respect to the IEE, we have managed this issue several times in the past. You are aware that independent evaluators are granted the same access and participation as school experts. This includes participation at the IEP meetings. School experts attend IEP meetings from start to finish and we do not want to repeat the evidence about the evaluator being asked to leave by Abernathy. IEE's are the same and there is no legitimate basis to limit reimbursement for these experts' time. Feedback sessions relate to the evaluators explanation of their report to the family or school and are wholly distinct from an experts participation at an IEP meeting. In fact, they limit IEP rights by trying to avoid IEP meeting presentation, an issue that has arisen in a number of cases. We expect that the IEE's will fully participate at the IEP meeting and the District will cover the cost of that as is required by IDEA. We reject the 1 hour of services and in compromise we seek up to 5 hours, as services and placement need to be addressed.

Your emails continue to express a willingness to collaborate by your client. However, your client's actions continue to suggest otherwise. The Court has completely rejected your client's unilateral and heavy-handed approach to special education. We have been hopeful that the Court's order that FAPE has been denied, LRE have been violated and Jamir is entitled to 18 months of compensatory education (now seemingly 19 months) would prompt a change in approach by your client. So far, the delay, contradictions and hollow overtures towards collaboration seem to indicate more of the same. If your client actually wants to collaborate, it needs to put several potential and more appropriate location/placements on the table and come with good faith to the meeting to really address Jamir's needs. These post-Order IEP meetings can be difficult but we fully expect the FCSD invitees will be aware of the imperative and contents of the Order and the positions it rejected. We are fully prepared to move this matter back into Court should the District insist on ignoring the guaranteed IDEA rights of Jamir and his Family. This we want to avoid.

Please provide the requested information no later than Friday, February 21 so that the Family can prepare for the IEP meeting. We need to start with a proposed agenda. Also, please provide notice of the meeting, including time, place and attendees immediately. Note that we will have parental concerns to include in the IEP. We will need a way to visually observe the document as it is drafted (A/V hooked up to computer drafting the document), and will need to leave with a copy of the IEP and any minutes (subject to typo correction before leaving the meeting) at the end of the meeting. If there are other issues or you want to discuss the agenda and course of the meeting in advance, to enhance collaboration and communication, we are available to do so.

Craig

--



CRAIG GOODMARK
1425 Dutch Valley Place
Atlanta, GA 30324
Phone: 404-719-4848

**EXHIBIT 13**

 Gmail

## jamir
1 message

**Jon Zimring** <zimring@zlawyers.com>                                          Wed, Feb 19, 2020 at 4:15 PM
To: Samantha Lewis <samantha.lewis@nelsonmullins.com>
Cc: "bmorris@hhhlawyers.com" <bmorris@hhhlawyers.com>, "cgoodmark@gmail.com" <cgoodmark@gmail.com>, Jon
Zimring <zimring@zlawyers.com>

Samantha, thank you for the data that was sent today. I am responding as I want to avoid a problem but have significant
problems with this information.

As to the academic information it appears to consist solely of the I-Ready report in math and reading, and without reading
in other subjects, writing, or any real direct reading or math information tied to standards or curriculum or any program. It
has no criteria-based information, and no baseline, nor does it address where Jamir is on the first and second grade
standards. We do not know what texts he has been working in and where he is, and as these are compared to projected
placements outside of North Metro. We do not know where he is on math prerequisites, nor on reading fluency, i.e., words
per minute and accuracy, as perhaps he should be at 100 words a minute with a high accuracy rate, nor on reading
comprehension. There should be assessment data from programs on this that exist but we have never seen it and seek it
now. We do not know if he needs work on phonemes, or as we see whether and where he is on auditory comprehension
and reading comprehension. We have nothing from his instruction to base his accommodations on, nor to assess his
supports.  We do not know what second grade topics he has completed and whether this extrapolates or relates to the
curriculum and topics in the school to which he would be transferred, and this is in math, reading, writing, science, social
studies. I would also like his teacher work plan for instruction for at least the past month (since January began) and the
next two weeks so one can make a judgment about what he was being taught and where to go next.

This is all really basic instructional information which is needed for goals and objectives, and to have baselines available
to gauge his progress, and for transition. He needs to have the same foundation for the classes he is placed in and
supports to aid and protect him where there have been gaps due to the instruction.

Please see that these and other questions are answered in an appropriate manner before the meeting so that these can
be reviewed and consideration given to an appropriate program. I want to emphasize that we expected his teacher(s) and
the Fulton County educators to be able to answer these, and perhaps other questions, and see the I-Ready report as
inadequate for this. We are running out of work days to get this done though we thought that this information already
existed.

In summary, WE ARE ASKING FOR SOME COMPETENT INSTRUCTIONAL AND DATA BASED RESPONSE IN
PREPARATION OF DEVELOPING THE PROGRAM AND AN ANSWER TO THESE QUESTIONS. I cannot express how
inadequate we see this response is so far, nor my concern with why that is true. So let's get over the issues with the delay,
and the posturing and have teachers react as informed teachers, and provide us the basic information that should exist, or
please tell us it does not. We are asking just what exists here on what his instruction has been and where he is, not
posturing as what is needed is actual data. This needs to be answered immediately, and then within the day we can
decide whether Fulton needs to have someone competent measure baselines on Friday. JAZ


Thank you. Jonathan A. Zimring, Zimring Law Firm, 1425A Dutch Valley Place, Atlanta, GA 30324. 404.607.1600; fax
404.607.1355; d-404.692.5665.

THIS EMAIL AND ATTACHMENTS CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION PROTECTED BY
LAW. ANY UNAUTHORIZED DISCLOSURE OR COPYING IS PROHIBIT. IF YOU RECEIVE THIS MESSAGE IN
APPARENT ERROR, PLEASE DELETE IT AND ITS ATTACHMENTS AND PLEASE NOTIFY THE SENDER.

**EXHIBIT 14**



Craig Goodmark <cgoodmark@gmail.com>

# RE: Jamir
1 message

**Samantha Lewis** <samantha.lewis@nelsonmullins.com>    Fri, Feb 21, 2020 at 3:28 PM
To: Jon Zimring <zimring@zlawyers.com>
Cc: Craig Goodmark <cgoodmark@gmail.com>, Jatoyia Armour <jatoyiaarmour@gmail.com>

See attached.  Please be advised that the location of the meeting is being changed to New Prospect ES.

The District is planning to propose to keep Jamir at New Prospect as they want to minimize school changes for him this year and do not feel moving him to another location in the middle of the semester would be in his best interest.  This will also guarantee that he can keep his current parapro.



SAMANTHA P. LEWIS  OF COUNSEL

samantha.lewis@nelsonmullins.com

ATLANTIC STATION | SUITE 1700

201 17TH STREET NW | ATLANTA, GA 30363

T 404.322.6166   F 404.322.6050

NELSONMULLINS.COM   VCARD   VIEW BIO

**From:** Jon Zimring <zimring@zlawyers.com>
**Sent:** Friday, February 21, 2020 12:54 PM
**To:** Samantha Lewis <samantha.lewis@nelsonmullins.com>
**Cc:** Craig Goodmark <cgoodmark@gmail.com>; Jon Zimring <zimring@zlawyers.com>; Jatoyia Armour <jatoyiaarmour@gmail.com>
**Subject:** Jamir

◄External Email► - From: zimring@zlawyers.com

Samantha, our client has received in Jamir's backpack a draft IEP and we have seen a notice of meeting. We have received the limited data you sent but as we asked in latest emails, it is really not the information which should exist and may not be adequate for establishing academic baselines and needs and writing academic goals.  Please let us know if we are to receive more information and whether we are to have an answer to our questions.

Addressing the notice, we have some significant concerns with who it shows as attending the meeting. We see no staff from potential placements and want to emphasize that where Jamir is placed is a material consideration of the Team. We also have not had an overture to observe potential placements. Further, there do not appear to be adequate invitees to address all the needed objectives, especially as the proposed goals and objectives seem both obsolete and as to the academic goals these are facially inadequate.

We are trying to make this meaningful but need some response from you and your client.

Thank you. Jonathan A. Zimring, Zimring Law Firm, 1425A Dutch Valley Place, Atlanta, GA 30324. 404.607.1600; fax 404.607.1355; d-404.692.5665.

THIS EMAIL AND ATTACHMENTS CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION PROTECTED BY LAW. ANY UNAUTHORIZED DISCLOSURE OR COPYING IS PROHIBIT. IF YOU RECEIVE THIS MESSAGE IN APPARENT ERROR, PLEASE DELETE IT AND ITS ATTACHMENTS AND PLEASE NOTIFY THE SENDER.

Confidentiality Notice

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

**4 attachments**

 **Ford.Jamir_Parent Notification for 2.25.2020 IEP.pdf**
40K

**Ford.Jamir_Draft IEP_2.25.20.pdf**
450K

 **Ford.Jamir_Draft Eligibility_2.25.2020.pdf**
6434K

**Ford.Jamir_Draft BIP_2.25.20.pdf**
66K

**EXHIBIT 15**

**From:** Jon Zimring <zimring@zlawyers.com>
**Sent:** Wednesday, February 26, 2020 5:20 PM
**To:** Samantha Lewis <samantha.lewis@nelsonmullins.com>
**Cc:** Craig Goodmark <cgoodmark@gmail.com>; Jon Zimring <zimring@zlawyers.com>
**Subject:** Jamir, J.F. v. FCSD

◄**External Email**► - From: zimring@zlawyers.com

Samantha, just following up on other issues.

We did not get a response on assessment for current levels for goals and objectives, and to use as a measurement device, especially in math. We could not assess F & P, as we still seek that information (see below) and as we never did get an answer as to whether that was the program or whether it was O G or what, so waiting on that also. Assessment perhaps should cover reading as well. Note, we are looking for an agreement for the IEP, additional to whatever FCSD uses otherwise.

You asked us to identify missing records, and looking at just the draft IEP and projecting this out to information that is needed and will be needed to establish the baselines and goals, we do not have: any of the Fountas & Pinnell documents or assessments, no summary or data showing progression on F & P, over the two years, the "recent fluency evaluation" (note if this was the Diebles that was used there is a 2 page report), no data showing any use of Orton Gillingham, no information showing the use of Scope and Sequence for Orton Gillingham, or where they were in its use with Jamir, no data at all as to the Math section on page 5 of the draft (which as we said in the meeting appears to just track standards)(I note that in other FCSD schools there has been assessment data supporting testing for and the attainment of the standards in both reading and in math), the "Fulton County language checklist (11-7-2019)" as cited on page 5 of the draft, or the data supporting this (which we question), the Fulton County social language check list cited on page 5 of the draft, supportive data for these checklists (note on page 6 these say these exceeded expectations, but this is not provided or defined), and as was discussed, we have no actual baseline data for almost all the draft objectives.

We said we would look at the goals and would appreciate this information as soon as possible. JAZ

Thank you. Jonathan A. Zimring, Zimring Law Firm, 1425A Dutch Valley Place, Atlanta, GA 30324. 404.607.1600; fax 404.607.1355; d-404.692.5665.

THIS EMAIL AND ATTACHMENTS CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION PROTECTED BY LAW. ANY UNAUTHORIZED DISCLOSURE OR COPYING IS PROHIBIT. IF YOU RECEIVE THIS MESSAGE IN APPARENT ERROR, PLEASE DELETE IT AND ITS ATTACHMENTS AND PLEASE NOTIFY THE SENDER.

Confidentiality Notice

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

**EXHIBIT 17**

 Gmail

## RE: Jamir, J.F. v. FCSD
1 message

**Samantha Lewis** <samantha.lewis@nelsonmullins.com>                    Fri, Feb 28, 2020 at 12:27 PM
To: Jon Zimring <zimring@zlawyers.com>
Cc: "Craig Goodmark (cgoodmark@gmail.com)" <cgoodmark@gmail.com>

Jon,

I spoke with Tris Gilland about your concerns. She states that the iReady will address the current levels fully. Additionally, multiple District staff members have investigated different math assessment options (both those currently used by the District and ones that are not). They have found that this iReady Math Assessment is really the only available assessment. The paper and pencil version that will be used for Jamir is not a version currently owned by the District, but they have been given special permission to use it for Jamir.

They plan to move forward with the assessment as soon as we hear from you all that you approve of this.

Additionally, we reviewed the transition plan. The one area that the District was looking for your input into that is not included is the actual logistics of the transition. Do you all have any plan or idea as to how logistically you want this to happen? One class at a time? All classes? What kind of timeline? Any benchmarks? Etc.

I know the team will be meeting with the Mother to discuss these logistics, but if you have some proposal we would like to see that to help the team prepare ahead of time and so they aren't spending time spinning their wheels so to speak.

 NELSON MULLINS

SAMANTHA P. LEWIS  OF COUNSEL

samantha.lewis@nelsonmullins.com

ATLANTIC STATION | SUITE 1700

201 17TH STREET NW | ATLANTA, GA 30363

T 404.322.6166   F 404.322.6050

NELSONMULLINS.COM    VCARD   VIEW BIO

**EXHIBIT 18**

 Gmail

## Jamir F. v. FCSD - IEP and Transition Issues
1 message

**Craig Goodmark** <cgoodmark@gmail.com>                                                Mon, Mar 2, 2020 at 6:24 PM
To: Samantha Lewis <samantha.lewis@nelsonmullins.com>
Cc: Jon Zimring <zimring@zlawyers.com>

Samantha -

I am responding as Jon was keeping the ball moving for us last week while was at a conference.  I appreciate your response regarding the iReady assessment, but that simply does not comport with the information that was shared at the IEP meeting last week.  We were told by Mr. Jordan that the iReady does not validly reflect what Jamir's performance levels are in math.  Now we are being told that they are a valid assessment.  These are contrary positions and cannot be reconciled in any way that would allow us to agree to using that as a valid assessment tool.

With regards to transition, we have provided very detailed information about how the transition should be managed. We have not yet received any information from the District about their plans, their preparations or their intentions with regards to implementation.  For us to collaborate, the District has to do more than receive our ideas and then reject them as something "they are not willing to do" -- as we were told by Principal Lemmons during the meeting.  We certainly believe Jamir has "graduated" from his current placement.  We believe he should be removed from GNETS immediately.  We believe he should be gradually moved into the less restrictive setting. We believe that data should be taken on his performance during the transition, and that an expectation should be established that he will not attend his new placement incident free.  That is why we suggested that Jennifer Alexander be part of the transition planning.

We would like the District's proposed transition plan, as we have repeatedly asked, before the school meets with Jamir's mother on Wednesday afternoon.  As well, we have provided now almost every component of Jamir's proposed IEP, including Goals (speech goals as contemplated by Ms. Cohen, attached), accommodations, and placement/location suggestions.  We were told that the District would provide us an updated draft IEP that reflects their position on the plan so that the parties could continue to move towards a mutually agreeable plan even if they are not at the IEP table.  Please provide us that updated plan no later than Friday so that we may evaluated the proposals and advise Jamir's mother.

Thank you in advance for collecting this information from your client.  We are now moving quickly towards two months that Jamir has had the right to be out of GNETS.  We believe Jamir is now entitled to 20 months of compensatory educational service and intend to raise these issues with your client in the near future.

Craig

--



CRAIG GOODMARK
1425 Dutch Valley Place
Atlanta, GA  30324
Phone: 404-719-4848

 **Ford_ProposedSLP_reading goals.docx**
149K

EXHIBIT 19

 Gmail

## Ford, Jamir: Responses
1 message

**Samantha Lewis** <samantha.lewis@nelsonmullins.com>                    Tue, Mar 3, 2020 at 1:22 PM
To: "Craig Goodmark (cgoodmark@gmail.com)" <cgoodmark@gmail.com>, Jon Zimring <zimring@zlawyers.com>

Jon and Craig:

My responses are below in red.

I am responding as Jon was keeping the ball moving for us last week while was at a conference.  I appreciate your response regarding the iReady assessment, but that simply does not comport with the information that was shared at the IEP meeting last week.  We were told by Mr. Jordan that the iReady does not validly reflect what Jamir's performance levels are in math.  Now we are being told that they are a valid assessment.  These are contrary positions and cannot be reconciled in any way that would allow us to agree to using that as a valid assessment tool.

We said that the iReady may not be an accurate reflection of his functioning as it is an online assessment. This one is paper/pencil. If you are aware of any other assessment or tool, please let us know and I will pass along to the District. However, as I stated in my prior email, several people in the Math department were unable to determine any other assessment to use.

With regards to transition, we have provided very detailed information about how the transition should be managed. We have not yet received any information from the District about their plans, their preparations or their intentions with regards to implementation.  For us to collaborate, the District has to do more than receive our ideas and then reject them as something "they are not willing to do" -- as we were told by Principal Lemmons during the meeting.  We certainly believe Jamir has "graduated" from his current placement.  We believe he should be removed from GNETS immediately.  We believe he should be gradually moved into the less restrictive setting. We believe that data should be taken on his performance during the transition, and that an expectation should be established that he will not attend his new placement incident free.  That is why we suggested that Jennifer Alexander be part of the transition planning.

Im not going to keep going back and forth with you about your allegations, misquotes, and misstatement of facts. They are all denied.  The record can speak for itself.  The reason we have asked you all for specifics is because the Judge's Order is extremely vague with this regard so we wanted to know how you all wanted this managed.  I mean this is what you all asked for, I don't know how it is unreasonable to assume you all would have had some idea of the logistics to propose.  We thought you all wanted him removed completely in one swoop, but at the meeting you seemed to indicate differently.  The District's proposal will be as follows:

We are looking to do this 2 increments of two weeks.

J.F. already comes out for specials with a para.

8:40-9:25- specials

9:25-9:55- Recess with Lamaster's class

12:10-2:15- RELA block with another GNETS student  (for two weeks)

At the completion of the 2 weeks, add the following:


8:05-8:40- Science and Social Studies with Lamaster (supportive instruction since this is a gen ed class)

Lunch with lamaster's class


After the completion of two weeks, add the following:


Math with Lamaster


That will be a total of 4 weeks to complete the transition from GNETS to CO-Taught.



SAMANTHA P. LEWIS   OF COUNSEL

samantha.lewis@nelsonmullins.com

ATLANTIC STATION | SUITE 1700

201 17TH STREET NW | ATLANTA, GA 30363

T 404.322.6166   F 404.322.6050

NELSONMULLINS.COM   VCARD   VIEW BIO

Confidentiality Notice

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

EXHIBIT 20

 Gmail

## Re: Ford, Jamir: Responses
1 message

**Craig Goodmark** <cgoodmark@gmail.com>                                    Tue, Mar 3, 2020 at 3:30 PM
To: Samantha Lewis <samantha.lewis@nelsonmullins.com>
Cc: Jon Zimring <zimring@zlawyers.com>

Samantha - We are still without the information we have asked for.  We still have not gotten any response from your client on what will be in the IEP, and can not evaluate any part of this without having that information.  We have asked your client for it as early as before the IEP meeting last week and as recently as yesterday.  You carved out the portions of my email that asked for that information, I assume to allow you to avoid having to respond.

We have now provided almost every component of the IEP, including a plan for transition.  FCSD had not providing anything in return and what has been identified is incoherent.  There are no articulated criteria for success here, no standards, no instruction, no accommodations or supports, no modifications, and nothing that would indicate that the District intends to do anything more than set Jamir up to fail as he transitions out of the GNETS.

There is simply no interpretation of the Court's order that would allow this behavior .  We have filed a notice with your client that FCSD continues to intentionally violate Jamir's civil rights by keeping him at GNETS.  This is just a continuation of that conduct and is actionable.

Please provided us the information we have repeatedly requested.

Craig

On Tue, Mar 3, 2020 at 1:22 PM Samantha Lewis <samantha.lewis@nelsonmullins.com> wrote:

> Jon and Craig:
>
> My responses are below in red.
>
> I am responding as Jon was keeping the ball moving for us last week while was at a conference.  I appreciate your response regarding the iReady assessment, but that simply does not comport with the information that was shared at the IEP meeting last week.  We were told by Mr. Jordan that the iReady does not validly reflect what Jamir's performance levels are in math.  Now we are being told that they are a valid assessment.  These are contrary positions and cannot be reconciled in any way that would allow us to agree to using that as a valid assessment tool.
>
> <span style="color:red">We said that the iReady may not be an accurate reflection of his functioning as it is an online assessment. This one is paper/pencil. If you are aware of any other assessment or tool, please let us know and I will pass along to the District. However, as I stated in my prior email, several people in the Math department were unable to determine any other assessment to use.</span>
>
> With regards to transition, we have provided very detailed information about how the transition should be managed. We have not yet received any information from the District about their plans, their preparations or their intentions with regards to implementation.  For us to collaborate, the District has to do more than receive our ideas and then reject them as something "they are not willing to do" -- as we were told by Principal Lemmons during the meeting.  We certainly believe Jamir has "graduated" from his current placement.  We believe he should be removed from GNETS immediately.  We believe he should be gradually moved into the less restrictive setting. We believe that data should be taken on his performance during the transition, and that an expectation should be established that he will not attend his new placement incident free.  That is why we suggested that Jennifer Alexander be part of the transition planning.

Im not going to keep going back and forth with you about your allegations, misquotes, and misstatement of facts. They are all denied. The record can speak for itself. The reason we have asked you all for specifics is because the Judge's Order is extremely vague with this regard so we wanted to know how you all wanted this managed. I mean this is what you all asked for, I don't know how it is unreasonable to assume you all would have had some idea of the logistics to propose. We thought you all wanted him removed completely in one swoop, but at the meeting you seemed to indicate differently. The District's proposal will be as follows:

We are looking to do this 2 increments of two weeks.

J.F. already comes out for specials with a para.

8:40-9:25- specials

9:25-9:55- Recess with Lamaster's class

12:10-2:15- RELA block with another GNETS student (for two weeks)

At the completion of the 2 weeks, add the following:

8:05-8:40- Science and Social Studies with Lamaster (supportive instruction since this is a gen ed class)

Lunch with lamaster's class

After the completion of two weeks, add the following:

Math with Lamaster

That will be a total of 4 weeks to complete the transition from GNETS to CO-Taught.



**SAMANTHA P. LEWIS** OF COUNSEL

samantha.lewis@nelsonmullins.com

ATLANTIC STATION | SUITE 1700

201 17TH STREET NW | ATLANTA, GA 30363

T 404.322.6166    F 404.322.6050

**NELSONMULLINS.COM**    **VCARD**    **VIEW BIO**

Confidentiality Notice

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

--



CRAIG GOODMARK
1425 Dutch Valley Place
Atlanta, GA  30324
Phone: 404-719-4848